MICHAEL J. CALLAHAN, Respondent, *v.* LONDON AND LANCASHIRE FIRE INSURANCE COMPANY, LIMITED, Appellant.

(Supreme Court, Appellate Term, First Department, February, 1917.)

Insurance (fire) — policy of — against damage by theft, etc.— automobiles — waiver — evidence — when insurer liable for value — actions.

> A provision in a policy of insurance, that if there is a difference as to the value of the property no right of action should exist until after an appraisal, is waived by proof that plaintiff, during an endeavor to adjust the loss, was told by defendant's authorized representative that they " would not do a damn

Supreme Court, Appellate Term, February, 1917.   [Vol. 98.

thing " as is also a provision of the policy which required sixty days to elapse, after notice of loss, before suit brought.

Where the garage in which plaintiff's automobile, insured against damage by theft, etc., " by any person or persons other than those in the employment, service or household of the insured," was cared for, was under the control of a corporation of which plaintiff was president, evidence that the caretaker of the garage was implicated in the theft of the automobile, which was thereafter and while in his possession wrecked in a collision, does not establish that the damage was done by one in the employment or service of plaintiff within the meaning of the policy.

Where after an automobile, insured against theft, etc., was stolen it was wrecked and totally destroyed, the insurer is liable for its value.

APPEAL by defendant from a judgment of the City Court of the city of New York in favor of plaintiff.

Ellison & Ellison (Wm. B. Ellison, Bruce Ellison, and Andrew S. Fraser, of counsel), for appellant.

Pressinger & Newcombe (Frank L. Cunningham and Richard S. Newcombe, of counsel), for respondent.

GUY, J.   Defendant appeals from a judgment in favor of plaintiff for $940 entered on the verdict of a jury; and from an order denying defendant's motion for a new trial in an action brought on a fire insurance policy issued by defendant to plaintiff on or about September 17, 1915, whereby defendant insured until the 1st day of September, 1916, plaintiff's automobile against damage by fire, theft, robbery or pilferage " by any person or persons other than those in the employment, service or household of the insured."

The complaint alleges and the proof establishes that plaintiff's auto was stored in a garage belonging to the M. J. Callahan Company, a corporation of which plaintiff was president and treasurer; that on the night of

October 16, 1916, without plaintiff's permission, authority or knowledge, said auto was removed from said garage; that it was subsequently found in a condition of utter destruction as the result of a collision with a pillar of the new subway construction, in which collision three persons were killed and two were injured, one of the injured being an employee of the M. J. Callahan Company, named Kinney, who resided in the garage where plaintiff's auto was kept, a building owned by the M. J. Callahan Company, said Kinney being caretaker of the building.

The answer admits the issuance of the policy, denies various material allegations set forth in the complaint, and sets up several separate and distinct defenses which are based upon the theory that Kinney, the caretaker employed by the M. J. Callahan Company, was in the service of plaintiff; that he took the auto out of the garage, and that any damage resulting from theft or wrongful taking by Kinney was, therefore, not within the terms of the policy.

The answer also sets up that the action was prematurely brought, because the policy provides that no right of action shall exist if there is a difference as to the value of the property until after an appraisal by appraisers to be agreed upon. This defense is met by proof on the part of the plaintiff that he went several times to defendant's office in an endeavor to adjust the loss, and was told by defendant's authorized representative that they " would not do a damn thing." This constituted, in my judgment, a waiver of the appraisal clause of the policy.

The defense is also set up that the action is prematurely brought in that it was commenced before the expiration of sixty days after service of notice of loss. I think the statement of defendant's representative

that they " would not do a damn thing " also consti-
tutes a waiver as to this clause of the policy.

As to the defense that Kinney was in the service of
plaintiff, there is no proof whatever to sustain such
an allegation.    The building in which the auto was
stored was under the control of the M. J. Callahan
Company, and plaintiff's auto was in its care, and not
in the care of Kinney.    The learned court submitted
this question to the jury (I think improperly), charg-
ing them that if they found that the auto was placed
in the care of Kinney by plaintiff then plaintiff could
not recover.    There was no evidence in the case from
which the jury could properly reach such a conclusion;
but, under such instructions, having decided in favor
of plaintiff, they must be deemed to have determined
the question of fact adversely to the defendant, and
to have found that the plaintiff did not place his auto
in Kinney's care.    There is no evidence that Kinney
in any other way had anything to do with plaintiff's
auto, except as caretaker for the entire building, the
evidence on the trial being that another employee of
the M. J. Callahan Company acted as chauffeur for the
plaintiff, and that Kinney had no license and did not
understand operating an automobile.

It is also contended, and this is the main issue pre-
sented on this appeal, that the policy only insured the
plaintiff against damages *directly* resulting from theft,
robbery or pilferage, and that the occurrence of the
accident by collision was not the direct result of a theft
and cannot be deemed to have been in contemplation of
the parties entering into the contract.    I am of the
opinion that the proper construction of the policy is
that it covers all damage resulting or which, in the con-
templation of the parties, might result, from theft,
which would include damages caused by reckless driv-

ing or handling of the car and storage of the same, or any use which destroyed its value in whole or in part. If, following the theft, the car should be recovered intact, in the same condition it was before the theft, plaintiff's only damage would be expenses incurred in recovering the car and, perhaps, in addition, the value of its use during the period between the theft and the recovery of the car. If the car were damaged or destroyed while in the custody of the thief, plaintiff's damage would include also the diminution or loss of value of the car thus stolen. In the present instance the car, while in the possession of the thief, whether Kinney or the chauffeur who was engaged with him in operating the car at the time of the collision, was totally destroyed. I think the trial judge properly held that defendant was liable for the value of the car under the policy.

The judgment should be affirmed, with costs.

BIJUR and MULLAN, JJ., concur.

Judgment affirmed, with costs.