OTTILLIE HEUMAN, Appellant, *v.* M. H. POWERS COMPANY, Respondent.

Carriers — clause in contract intending to limit liability must plainly express intention — when limitation does not include misfeasance or nonfeasance of itself or employees — failure to disclose value of articles shipped does not relieve carrier from liability for misfeasance.

1. The rule is that where a common carrier desires by special contract to exonerate itself from the effect of its own act or omissions, or those of its employees, the special contract must openly and plainly express that intention so that it cannot be in the slightest degree misunderstood.

2. A clause in a memorandum that " the responsibility of the company is limited to $50 for any article together with the contents thereof " plainly refers to the carrier's responsibility as such and does not include the misfeasance or nonfeasance of itself or of the employees. Hence, it is responsible for the value of articles, stolen by its employees, though in excess of the amount stipulated.

3. Failure of a shipper to disclose the fact that a cabinet contained valuable articles does not relieve the carrier from liability for its own acts or those of its servants amounting to a misfeasance.

*Heuman* v. *Powers Co.*, 175 App. Div. 627, reversed

(Argued March 20, 1919; decided April 15, 1919.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 17, 1917, which reversed a determination of the Appellate Term affirming a judgment of the City Court of the city of New York in favor of plaintiff, entered upon a verdict and granted a new trial.

The action was begun in the City Court against the defendant, a common carrier, to recover the value of certain jewelry which was lost while in possession of the defendant.

The plaintiff employed the defendant to move her household goods from one apartment to another in the city of New York. Included in the furniture to be moved was a cabinet with a small safe inside, containing, among other things, some articles of jewelry.

When the defendant was employed, the plaintiff's husband, with his wife's authority, signed a memorandum showing when and where the moving was to be done, and the defendant's charges therefor, which were $49, and containing also the following clause: " The responsibility of the company is limited to $50 for any article, together with the contents thereof."

The property was to be moved on Saturday, and late in the afternoon a van load of furniture, including the cabinet safe, arrived at the apartment to which the goods were to be taken.

The plaintiff's husband and the defendant's representative arranged that this van load of goods should be taken to the defendant's warehouse and should be delivered to the plaintiff on the following Monday morning. When the goods were delivered on Monday it was found that the cabinet safe had been broken open and certain articles of jewelry belonging to the plaintiff had been taken.

It turned out that while the goods were in the custody of the defendant over Sunday, three of the defendant's employees broke open the safe and took the jewelry.

In the City Court the plaintiff recovered a judgment against the defendant of $1,000 and costs, which was affirmed at the Appellate Term, but was reversed in the Appellate Division.

*Bertram L. Kraus* for appellant. The defendant was liable to the plaintiff for her loss in its capacity as bailee

for hire.   A common carrier by force of his public employ-
ment becomes an insurer of the property intrusted to
his care and liable for its loss, irrespective of the cause,
unless from the act of God or the public enemy, but
involved in this greater liability is a lesser liability as
bailee for hire, and as such in any event, under the
facts proven, the defendant was answerable to the plain-
tiff in damages for her loss.   (*Wheeler* v. *Oceanic Steam
Nav. Co.,* 125 N. Y. 160.) · Nothing in the order delivered
by the plaintiff to the defendant to move her goods, even
if it be construed as a contract between the parties, can
serve to limit the defendant's liability to fifty dollars
either against its own negligence, or its own willful act.
(*Markey* v. *Wood,* 29 Misc. Rep. 590; *Magnin* v. *Dins-
more,* 56 N. Y. 168; *Blume* v. *Monahan,* 36 Misc. Rep.
179; *Fasey* v. *International Nav. Co.,* 77 App. Div. 469;
177 N. Y. 591; *Galloway* v. *Erie R. R. Co.,* 116 App. Div.
777; *Gillespie* v. *Platt,* 19 Misc. Rep. 43; *Mynard* v.
*S. & C. R. R. Co.,* 71 N. Y. 183.)

*John W. Browne* for respondent.   It is competent for
a common carrier to limit his liability by agreeing with
the shipper upon a maximum valuation of the articles
to be carried.   (*D' Utassy* v. *Barrett,* 171 App. Div. 722;
219 N. Y. 420; *C., C., C. & St. L. R. R. Co.* v. *Dettlebach,*
239 U. S. 588; *Magnin* v. *Dinsmore,* 62 N. Y. 35; 70
N. Y. 410; *Greenwald* v. *Barrett,* 199 N. Y. 170; *Hodge* v.
*Rutland R. R. Co.,* 112 App. Div. 142; 194 N. Y. 570;
*Tewes* v. *North German Lloyd Steamship Co.,* 186 N. Y.
151.)   The defendant having by agreement with the
plaintiff limited his liability to a specified sum, and the
value of the goods not having been stated by the plaintiff,
and it appearing that the goods were of greater value
than the amount specified, the silence of the plaintiff as
to the true value was a fraud in law which discharged
the defendant from liability for ordinary negligence.
(*Magnin* v. *Dinsmore,* 62 N. Y. 35; 70 N. Y. 410.)

CUDDEBACK, J.  The action is for a breach by the defendant of the contract of carriage.

It will be observed that the memorandum signed by the plaintiff's husband contains no stipulation as to the value of the property intrusted to the defendant, but simply a clause limiting the responsibility of the defendant for any article or the contents thereof to $50. Therefore, those cases which involve a stipulation between the shipper and the carrier as to the value of the goods carried to measure the extent of the carrier's liability in case of loss, do not apply.  (*D' Utassy* v. *Barrett*, 219 N. Y. 420.)

Whatever else may be said of the manner in which the defendant performed its contract, it certainly violated the common-law obligation of a carrier to safely carry and deliver the plaintiff's goods.  The question is whether the clause quoted from the memorandum signed by the plaintiff's husband is sufficient to limit the responsibility of the defendant for the loss of the jewelry to $50.  The simple and complete answer to that question is that the clause referred to, when read in the light of the decisions construing such clauses, does not even purport to limit the defendant's responsibility for the violation of duty shown in this case.

The rule is that where a common carrier desires by special contract to exonerate itself from the effect of its own acts or omissions, or those of its employees, the special contract must openly and plainly express that intention so that it cannot be in the slightest degree misunderstood.  (*Mynard* v. *Syracuse, B. & N. Y. R. R. Co.*, 71 N. Y. 180; *Spinetti* v. *Atlas S. S. Co.*, 80 N. Y. 71; *Gardiner* v. *N. Y. C. & H. R. R. R. Co.*, 201 N. Y. 387.)

The clause in the memorandum is: " The responsibility of the company is limited to $50 for any article, together with the contents thereof."  Plainly, this clause refers to the defendant's responsibility as a carrier and

People ex rel. Sprenger *v.* Dept. of Health.   **209**

1919.]                    Statement of case.                    [226 N. Y.]

does not include the misfeasance or nonfeasance of the carrier itself or of its employees. The plaintiff had no reason to understand she was releasing them from responsibility for their own depredations. While couched in the words selected by the defendant, the clause does not under the circumstances of this case limit the defendant's responsibility at all.

The defendant also contends that it was relieved from its liability as a common carrier by the failure of the plaintiff to disclose the fact that there was a safe in the cabinet containing valuable articles. The answer to that argument is that the failure to make such disclosure did not relieve the defendant from liability for its own acts or those of its servants, which amounted to a misfeasance. (*Magnin* v. *Dinsmore*, 62 N. Y. 35; *S. C.*, 70 N. Y. 410.)

I recommend that the order of the Appellate Division be reversed and that the judgment of the Appellate Term be reinstated, with costs in this court and in the Appellate Division.

Hiscock, Ch. J., Collin, Hogan and Crane, JJ., concur; Chase, J., not voting; McLaughlin, J., not sitting.

Order reversed, etc.