WATERS v. BEAU SITE CO.    **65**

Misc.]    Court of Gen. Sessions, N. Y. County, December, 1920.

---

HILDA J. WATERS, Plaintiff, *v.* BEAU SITE COMPANY, Defendant.

(City Court of the City of New York, Trial Term, December, 1920.)

Bailments — action to recover value of contents of a trunk — evidence — when complaint dismissed.

> Plaintiff who, with her husband, was about to leave defendant's hotel where they were guests, with the intention of returning in a few days, upon being informed by defendant's man-

City Court of New York, December, 1920. [Vol. 114.

ager that their trunks would be taken care of during her absence, a trunk in which among other articles was placed a diamond pendant valued at more than $1,000 was delivered to defendant for storage. When on plaintiff's return the trunk was sent to her room and opened the pendant was missing. In an action to recover its value it was conceded that the relation between the parties was that of bailor and bailee, but there was no evidence that defendant had actual notice that the pendant was in the trunk. *Held,* that the dismissal of the complaint upon the ground that defendant, by becoming the bailee of the trunk and its contents, was not required to and did not assume that the trunk contained articles other than those ordinarily contained in trunks, and that in consequence there was no bailment as to the pendant, was proper.

ACTION to recover the value of the contents of a trunk.

Everett, Clarke & Benedict, for plaintiff.

Nadal, Jones & Mowton, for defendant.

CALLAHAN, J.   Plaintiff and her husband had been guests at the Hotel Biltmore, New York city, conducted by defendant. They were about to leave the hotel with the intention of returning in a few days. Upon inquiry she was informed by the assistant manager of defendant that her trunks would be taken care of during her absence. Her testimony is that he stated that the hotel maintained a safe place for trunks, describing a certain storage room with iron doors which were always kept locked, and that many wealthy guests of the hotel left their trunks with valuable contents in the care and custody of the hotel while they were away. Plaintiff and her husband further testified that they thereupon packed two trunks, in one of which was placed a diamond pendant valued at over $1,000. This trunk was thereafter delivered to defendant for storage during plaintiff's absence. Upon her

return the trunks were sent to her room and upon opening them she discovered that the contents had been tampered with and that the pendant was missing. This action is brought to recover its value. It was conceded upon the trial that the relation between the parties as to the stored property was that of bailor and bailee and not that of innkeeper and guest. Upon the foregoing facts the court dismissed the complaint upon the ground that the defendant, by becoming a bailee of plaintiff's trunks and their contents, was not required to and did not assume that the same contained articles other than those ordinarily contained in trunks and that, consequently, there was no bailment as to the pendant. There was no testimony in the case to show that defendant had actual notice of the fact that this valuable piece of jewelry was in plaintiff's trunk. Nor is it so usual or customary to place articles of this character in trunks as to warrant or require any assumption on defendant's part that the trunk contained the jewel in question. In such case there is no contract of bailment, for the bailee cannot by artifice be compelled to assume a liability greater than he intended. Edwards Bailm. (3d ed.) § 49. It does not follow that there must be an intention to impose upon the bailee. It is sufficient if such is the practical effect of the bailor's conduct. By the use of the word artifice it is not intended to convey that plaintiff had any motive or design inconsistent with absolute honor and fair dealing. A better characterization would probably be a concealment without design. It is true that plaintiff testified that in her conversation with defendant's manager she referred to her trunks as baggage or luggage, but the mere use of this expression is insufficient to give notice to the defendant that the trunks contained articles of a character different from those ordinarily placed in trunks

left for storage. Luggage and baggage are essentially the bags, trunks, etc., that a passenger takes with him for his personal use or convenience with reference to his necessities or to the ultimate purpose of his journey, and in this connection it has been held that, within limits, the same include such jewelry as may be adapted to the tastes, habits and social standing and be necessary for the convenience, use and enjoyment of the traveler either while in transit or temporarily staying at a particular place. The trunks here were to be stored and not to be used as luggage or baggage, and for this reason it is apparent that the above rule respecting jewelry is not applicable. Plaintiff insists that jewelry of the kind ordinarily worn upon the person is part of a woman's baggage and that defendant by undertaking to care for plaintiff's baggage became a bailee of the diamond pendant contained in one of the trunks, and cites in support of this contention the case of *Sherman* v. *Pullman Co.*, 79 Misc. Rep. 52; *Borden* v. *N. Y. C. R. R. Co.*, 98 id. 574, and *Hasbrouck* · v. *New York C. & H. R. R. R. Co.*, 202 N. Y. 363. Were it admitted, or did the facts authorize a finding that the trunks of plaintiff were baggage or luggage, the contention would have much force. All the cases cited, however, were against common carriers, where the lost jewelry was carried by the plaintiffs as part of their baggage as passengers and they were entitled to have same safely transported by the defendants under the contract of transportation. The sole question in each of said cases was whether the personal jewelry constituted articles of baggage. In the instant case, as is above set forth, the trunks were not baggage or luggage. Plaintiff also claims that even though defendant may not have been informed of the presence of the pendant in the trunk, it would nevertheless be liable

in an action for breach of the contract of bailment if the pendant were stolen by one of the employees of defendant, and that testimony in the case made it reasonably plain, or at least permitted the inference, that the pendant was stolen by one of defendant's employees. For this reason it is asserted the case should have been submitted to the jury. In support of this contention the case of *Heuman v. Powers Co.*, 226 N. Y. 205, is cited. The decision in the *Heuman* case is based primarily on the fact that the defendant, a common carrier, was obligated to safely carry plain-tiff's goods, and that, notwithstanding the fact that plaintiff signed a memorandum stipulating to a limitation of defendant's liability to fifty dollars, such memorandum referred only to defendant's responsibility as a carrier and did not include the misfeasance or non-feasance of the carrier or its employees. In that case it was conceded that the jewelry was stolen by defendant's employees. It was further stated, though not necessary to a decision, that the failure of plaintiff to disclose to defendant the fact that there was a safe in the cabinet of plaintiff containing valuable articles did not relieve defendant from liability for its own acts or those of its servants which amounted to a misfeasance. It clearly appears, however, by reference to the opinion of the Appellate Division in the *Heuman* case that " one of the articles to be moved and which was apparently in full sight of defendant's representative at the time the contract was made or the order given was a small safe." In the instant case, as above stated, there was absolutely nothing to indicate to defendant the pres-ence of valuable jewelry in the trunks of plaintiff. Somewhat analogous to the present case is *Robin v. Colaizzi*, 101 Misc. Rep. 298, where plaintiff visited defendant's restaurant with an escort and handed her

pocketbook, which had in it eleven dollars in bills and a diamond ring, to her escort, and her escort put the pocketbook in his pocket and checked his overcoat in the coatroom. When he later asked for his coat the coat was returned to him, but the pocketbook was gone. The court said: " The question involved in this case is, under the circumstances here disclosed, did the defendant's intestate become the bailee of the lost pocketbook and its contents? None of the cases upon the subject relied upon by the plaintiff hold the defendant in such an action liable as bailee, unless he knew the lost article was in his possession or unless the article which he did receive was of such a character that the presence of the lost article or articles of a similar nature might be presumed." Similar cases are *Barnes* v. *Stern Bros.,* 89 Misc. Rep. 385; *Warmser* v. *Browning, K. & Co.,* 187 N. Y. 87. The reasoning in *Nathan* v. *Woolverton,* 69 Misc. Rep. 425; affd. on opinion below, 147 App. Div. 908, seems to be applicable here. The plaintiff in that case checked his trunk without noticing that it contained anything but ordinary personal baggage, whereas, in fact, it contained jewelry of considerable value. The court there held, following *Magnin* v. *Dinsmore,* 62 N. Y. 35, 44, that there was no contract between the passenger and the carrier so far as the jewelry was concerned, the defendant having no knowledge it was in its possession.

Motion denied.