ANNA P. BOLLING, Plaintiff, *v.* NORTHERN INSURANCE COMPANY OF NEW YORK, Defendant.

First Department, April 14, 1938.

*Robert M. McCormick* of counsel [*Andrew Eckel* with him on the brief; *McCormick & Eckel*, attorneys], for the plaintiff.

*Abraham J. Goldberg*, for the defendant.

CALLAHAN, J. The question involved in this controversy is one of coverage under a policy of insurance. The policy issued by defendant insured plaintiff against direct loss by theft, larceny, robbery and pilferage of her automobile. It contains a comprehensive clause against any loss of or damage to the automobile, except that the company is not to be liable for loss caused by collision. It is specifically provided that damage resulting from theft shall not be deemed a loss caused by collision.

In the event of theft the insured is required to give notice to the company, in addition to immediately notifying the police authorities.

It is optional with the company, in the event of theft, to return the stolen automobile with compensation for physical damage.

For the purpose of salvage, it is provided that, in the event of loss, the assured shall protect the property from further damage, and that any act of the assured or the company in recovering or preserving the property shall be considered as done for the benefit of all concerned.

Plaintiff's automobile was stolen on the night of November 20, 1936. Shortly before midnight plaintiff notified the police. About three hours later a policeman found the car, abandoned on a highway. He recognized it as one for which an alarm was outstanding. While the officer was driving the automobile to the police station, it was damaged as the result of a collision. The amount of the loss has been agreed to be $1,288.70.

Defendant disclaims liability, on the ground that, when the police officer took possession of the car, the theft was at an end, and that, therefore, the damage sustained was not damage from theft, but due solely to collision.

Under the circumstances involved, we find that the plaintiff is entitled to recover.

The defendant had not as yet learned of the theft, or exercised its option with respect to the return of or compensation for the property. The delivery of the car to the police station was primarily for the benefit of the insurer, at least until such option was exercised.

The fact that here the injury occurred ' after the police had discovered the whereabouts of the vehicle, but before it arrived at the station house, would not justify a holding that the right to protection had ceased. The contract is one of complete indemnity against loss from theft, and would include diminution in value ensuing during the continuance of the theft. (*Edwards* v. *Maryland Motor Car Ins. Co.*, 204 App. Div. 174; *Callahan* v. *London & Lancashire Fire Ins. Co., Ltd.*, 98 Misc. 589; affd., 179 App. Div. 890.)

We deem that the theft had not ended, within the meaning of the policy, at the time that the collision occurred. If the defendant intended to cover only physical damage while the car was being driven by the thief, it could have said so in plain language.

This type of insurance being indemnity insurance, the company is required to make the assured whole. It could not do this by restoration of the automobile in damaged condition, unless on payment of damages caused by the theft. (*Kansas City Regal Auto Co.* v. *Old Colony Ins. Co.*, 196 Mo. App. 255; 195 S. W. 579; Simpson on Automobile Insurance [2d ed.], § 237.)

In determining what meaning is to be given to the provisions of the policy insuring against loss due to theft, we must be guided by the reasonable expectation and purpose of the ordinary business man when making such a contract. (*Bird* v. *St. Paul F. & M.*

*Ins. Co.*, 224 N. Y. 47, at p. 51.) We think that the intention of the parties, as expressed by the present contract, was that a loss such as the one sustained herein should be deemed one ensuing from theft.

Judgment should be rendered for plaintiff in the sum of $1,288.70, without interest or costs.

MARTIN, P. J., O'MALLEY, DORE and COHN, JJ., concur.

Judgment unanimously directed in favor of the plaintiff in the sum of $1,288.70, without interest or costs.

Settle order on notice.