Samuel H. Hoestadter, J.
The plaintiff sued in the Small Claims Court for $350 for the loss of a wallet claimed to have been left in her automobile while parked in the defendant’s parking lot. The defendant, Barney’s Clothes, Inc., maintains the lot for the free use of its patrons. The plaintiff testified that she had $350 in cash in the wallet when she left her home, had removed the wallet from her purse only to pay a toll, and, in attempting to replace it, inadvertently left it on the seat of the car. On the request of the parking lot attendant, she left the keys with him after locking the car. It is not claimed that the plaintiff informed the attendant when she parked the car *424 with him that she had left her wallet on the’ seat. Indeed, she testified that when she left the keys with him she did not even know the wallet was in the car. There is thus a complete absence of notice to the defendant of the presence of the wallet in the car, much less the value of its contents. The attendant unlocked the car and left the keys in the ignition.
On the completion of her shopping in the defendant’s store an hour later the plaintiff missed her wallet and immediately returned to the car. A search of the car and subsequent search by the police of the attendant failed to yield the wallet. The plaintiff charges the defendant with negligence and recovered below.
When the defendant accepted the plaintiff’s automobile for parking, it unquestionably became its bailee and assumed the liability flowing from that relation. It by no means follows, however, that it thereby also undertook the bailment of the wallet, whose presence in the vehicle was neither disclosed nor reasonably to be expected. Delivery, actual or constructive, to the person sought to be held as bailee is not enough to create a bailment; acceptance, actually or constructively, by the latter is equally essential. (Osborn v. Cline, 263 N. Y. 434, 437; Cowen v. Pressprich, 202 App. Div. 796, revg. on dissenting opinion of LEHMAN, J., at Appellate Term, 117 Misc; 663, 676.) Acceptance is absent when the property is not such as is usually and customarily left with a custodian in like circumstances and no disclosure of this fact is made. In that situation, the person sought to be charged as bailee having no reason to suppose the property has been delivered to him, is liable only if on express notice, “ for the bailee cannot by artifice be compelled to assume a liability greater than he intended” (Waters v. Beau Site Co., 114 Misc. 65, 67). Self-evidently valuable and easily stolen articles are not left in parked automobiles, and the operator of a parking lot, without notice that they have been so left, is not liable as bailee in respect to them (Liggett v. Glen Oaks Club, 28 N. Y. S. 2d 84, affd. 263 App. Div. 702; Crosby v. 20 Fifth Ave. Hotel Co., 173 Misc. 595, mod. 173 Misc. 604).
Though informality and nonadherence to strict rules of proof must prevail in the Small Claims Court to achieve the prime purpose of its creation — the doing of substantial justice — (Levins v. Bucholtz, 2 A D 2d 351, affg. 208 Misc. 597), nevertheless the ultimate result must conform to the rules of substantive law ('OCA, former § 153, renum. 1804 by L. 1963, ch. 564, § 103, eff. Sept. 1, 1963). Departure from the rule requiring notice to the bailee in circumstances such as those here shown would subject the defendant to unreasonable liability *425 and impose on it an unduly onerous and unwarranted burden. Such a result is clearly not consonant with the rules of substantive law. It follows that the judgment must be reversed.
Judgment reversed, with $15 costs and judgment directed for the defendant, with costs.
Concur — Tilzer, J. P., Hoestadter and Capozzoli, JJ.
Judgment reversed, etc.