Harold Birns, J.
Defendant’s motion for summary judgment is denied.
Asserting defendant was negligent, plaintiff seeks damages for merchandise stolen from a truck rented by plaintiff on a weekly basis from defendant and which at the time of the alleged theft had been returned to defendant’s garage for overnight parking as required.
The rental agreement between the parties, in fine print on the reverse side, States : “ 5. Lessor shall not be liable for loss of or damage to any property left, stored, loaded or transported by Customer or any other person in or upon vehicle either before or after the return thereof to Lessor, whether or not said loss *85 or damage was caused by or related to the negligence of Lessor, its agents, servants or employees. Customer hereby assumes all risk of such loss or damage and waives all claims against Lessor by reason thereof, and Customer hereby agrees to hold Lessor harmless from and to defend and indemnify Lessor against all claims based upon or arising out of such loss or damage.” Defendant points to this paragraph as exculpating it from possible liability, maintaining that, since the claim of negligence against it is precluded thereunder, there is no triable issue and its motion for summary judgment should be granted.
However, plaintiff relies on the provisions of section 5-325 of the General Obligations Law (section derived from General Business Law, § 89-b added by L. 1949, ch. 332, § 1, repealed by General Obligations Law, § 19-101) and argues that the defendant in furnishing garage space for overnight storage for the truck rented by it to plaintiff is precluded from relying upon the provisions of the agreement above referred to.
Section 5-325 of the General Obligations Law provides: “No person who conducts or maintains for hire or other consideration a garage, parking lot or other similar place which has the capacity for the housing, storage, parking, repair or servicing of four or more motor vehicles, as defined by the vehicle and traffic law, may exempt himself from liability for damages for injury to person or property resulting from the negligence of such person, his agents or employees, in the operation of any such vehicle, or in its housing, storage, parking, repair or servicing, or in the conduct or maintenance of such garage, parking lot or other similar place, and any agreement so exempting such person shall be void. ’ ’
Admittedly the garage in question is “ a garage owned and operated by defendant solely for its own vehicles ” (defendant’s reply affirmation, p. 2). There is no dispute that the defendant’s garage has capacity for four or more vehicles, which appears to be the sole limitation placed on the applicability of this section.
Defendant states that the statute is intended to apply only to “ public garages ” and not to garages such as the one under consideration. The phrase “ public garage ” does not appear in the section. By its language the section is applicable to a garage, parking lot or other similar space, which would describe the facilities used by defendant to store the truck in question.
The statute appears to be one of general application covering all garage keepers except those providing space for less than four cars. Obviously it was not intended to apply only to those garages which provide space for transient parkers. This conclusion is borne out by the inclusion of the phrase in said section *86 that it covers the rental of space “ for hire or other consideration Hence it not only would apply to transients who obtain space by paying a fee for such storage but also to others whose right to storage is predicated upon some other consideration, as here, the rental of the vehicle. In fact, a reading of the practice commentary by Prof. Ealph D. Semerad upon the section (see McKinneys Cons. Laws of N. Y., General Obligations Law, Book 23A, § 5-325) and the report of the Law Eevision Commission (N. Y. Legis Doc., 1949, No. 65 [M]) when recommending the adoption of section 89-b of the General Business Law supports this conclusion and points to no such limitation as contended by defendant, that this section was addressed only to ‘ ‘ public garages ”, In fact, the said recommendation of the Law Eevision Commission states that this section was intended to eliminate exculpatory clauses exempting “ garage keepers and proprietors of parking places and service stations ” whose business is “analogous to” that of “ warehousemen ”. The Commission contended ‘£ that their obligation to use ordinary care should be at least as great ’ ’ and that it was in the public interest to prohibit exemption from liability found in the contracts of these operators.
Henee I find that section 5-325 of the General Obligations Law precludes the defendant from relying upon the clause in its contract exempting it from liability for its own negligence. Thus there is an issue of fact to be tried concerning negligence. Defendant’s motion for summary judgment is denied.
The motion to amend the defendant’s answer to include a counterclaim for legal services is denied in that the agreement between the parties does not warrant such relief.