Samuel R. Rosenberg, J.
This is an action to recover for the theft of the plaintiff’s auto, on a policy of insurance. The defendant insurer resists payment of the loss, claiming: breach of the contract of insurance, fraudulent claim, action prematurely brought, and refusal to accept the auto upon recovery.
*999 I find that the plaintiff complied with the provisions of the policy and co-operated Avith the insurer. She notified the insurer and the police on the day of the theft, called the insurer a number of times demanding processing of her claim and payment and even went to its adjuster’s office twice and gave him the information requested. The plaintiff filed the proof of loss upon receiving the forms and request to fill same from the insurer. This was four months after the notice of loss. The insurer unduly delayed its processing of claim and delivery of the proof of loss forms, A policy of insurance should not be nullified for immaterial noncompliance (cf. Insurance Luav, § 168, subd. 6).
The policy should not be voided and the insured deprived of a recovery of the actual loss because the proof of loss was for more than the full amount of the policy and the cost of the auto, since the most that the insured could recover is the actual value of the vehicle at the time of the theft.
The cases cited by the defendant involve fire damage, where the information is solely within the knowledge of the insureds and they refuse to co-operate. These situations are different from an auto theft loss.
The action was not prematurely brought. It was commenced almost four months after the filing of the proof of loss. The policy requires a 30-day wait before suit. This was eight months after the notice of theft. The date of discontinuance of the first action is of no import.
In determining what meaning is to be given to the provisions of the policy insuring against loss due to theft, we must be guided by the reasonable expectations and purpose of the ordinary business man in making such a contract. (Bird v. St. Paul Fire & Marine Ins. Co., 224 N. Y. 47; Bolling v. Northern Ins. Co., 253 App. Div. 693.)
Terms of a policy will receive a construction most favorable to the insured. Any ambiguity or doubt will be resolved against the insurer. (Sperling v. Great Amer. Ind. Co., 7 N Y 2d 442; Matter of Vanguard Ins. Co. [Polchlopek], 18 N Y 2d 376.)
To compel the plaintiff to accept the return of the auto after the lapse of a reasonable time would defeat the entire purpose of the policy. No such construction can be concluded. The provision in the policy requiring insured to wait 30 days after filing of proof of loss before commencing suit and the further provision of an allowance of $10 per day for 30 days for rental of an auto are indicative of the intent of the insurer to return the auto or make payment for the loss after the 30-day period.
*1000 This kind of insurance policy is of no value to the owner of the property unless some time is fixed after which the return of the auto will not release the insurer of liability. The auto was recovered after five months. This is an unreasonable time to require the insured to wait. Public policy requires that a person having a theft policy should not be compelled to wait indefinitely on the chance of having the stolen car recovered or be compelled to incur the expense of buying a new auto and thereafter taking the old one back if recovered. The plaintiff required an auto to travel to and from her business and rightfully purchased another auto. Her abandonment of the recovered auto was proper under the circumstances. The fact that this action was commenced after the recovery of the auto is immaterial.
If goods are not recovered within a reasonable time of the theft the insured may be entitled to recover the value of the goods. (Oppenheimer v. Baker & Williams, 225 App. Div. 58; O’Connor v. Maryland Motor Car Ins. Co., 211 Ill. App. 549.)
The plaintiff failed to prove the rental cost of another auto.
I find that the plaintiff is entitled to recover the value of the auto at the time of the theft. Accordingly, judgment in favor of the plaintiff against the defendant in the sum of $2,500, with interest as demanded.