Allen M. Myers, J.
All the other actions having been disposed of, we are. left with an action by the third-party plaintiffs (hereinafter referred to as the Grafingers) against Gracie Mansion Garage, Inc., a third-party defendant for breach of *671 bailment of certain personal property left in an automobile. The third-party defendant now moves to dismiss the complaint of this cause of action.
The undisputed facts are that Harold Grafinger entered into an agreement with Gracie Mansion Garage, Inc., to garage his car at a monthly rental of $55. On or about April 20, 1968, the car was stolen from the garage. At that time Harold Grafinger had certain personal property worth approximately $1,900 in the trunk of the car. Although the car was subsequently recovered, the personalty was not.
Harold Grafinger testified that the night before the car disappeared, he spoke to the garage attendant and told him that he had certain valuables in the car and asked him to park the car in a spot where he could readily get at it the following morning. The attendant then told him to take his trunk keys with him.
The issues are whether the bailment of the car also constituted a bailment of the personalty left in the car and, if not, whether there was an independent bailment agreement as to the personalty.
Undisputedly, there was an agreement of bailment as to Grafinger’s car, and the garageman, in fact, had no choice but to store the car since there was a contract for such storage. However, from the bare car storage agreement between the parties one cannot infer that the* garage additionally contemplated an agreement to store personalty.
The Grafingers argue that section 5-325 of the General Obligations Law imposes liability upon the bailee for the personalty left in the car. That section provides in pertinent part as follows: “No person who conducts or maintains for hire or other consideration a garage * * * may exempt himself from liability for damages for injury to person or property resulting from the negligence of such person * * * in the conduct or maintenance of such garage * * * and any agreement so exempting such person shall be void.”
At first glance, Universal Cigar Corp. v. Hertz Corp. (55 Misc 2d 84) appears to indicate that the statute would hold a garage-man liable for personalty left in a bailed motor vehicle. However, in that case one may infer that the court implied a bailment from the facts before reaching the issue of the applicability of the statute. In that case the plaintiff was required at all times to store a truck, which plaintiff rented from defendant, in defendant’s garage (impliedly with or without merchandise). Under these circumstances, it can be inferred that the garage accepted the bailment of the merchandise as well as the truck. *672 Having thus established a bailment of the merchandise left in the truck, the court then found that the disclaimer was proscribed by section 5-325 of the General Obligations Law. Similarly, in Guild v. Atlantic-Third Corp. (18 Misc 2d 635) the court found an agreement to bail personalty before it found liability under section 89-b of the General Business Law which used the same language as section 5-325 of the General Obligations Law.
The statute clearly mandates liability to a garageman for breach of bailment, irrespective of any disclaimer on his part. However, it is inconceivable that the statute also mandates liability where there is no agreement as to a bailment, because a prerequisite to any contract is some evidence of a “ conscious assent to terms proposed by another” (1 Corbin, Contracts, § 59, p. 245). And, in order for there to be a bailment, the bailee must knowingly take the goods (personalty) into his possession (Osborn v. Cline, 263 N. Y. 434). Such knowledge cannot be inferred from an agreement to store a car.
A case directly in point is Swarth v. Barney’s Clothes (40 Misc 2d 423). There the plaintiff parked her automobile and left her wallet on the front seat. The Appellate Term held that, although the defendant was the bailee of the car, it was not also the bailee of the wallet. The court held at page 424 that: “ Delivery, actual or constructive to the person sought to be held as bailee is not enough to create a bailment; acceptance, actually or constructively, by the latter, is equally essential. * * * Acceptance is absent when the property is not such as is usually and customarily left with a custodian in like circumstances and no disclosure of this fact is made. In that situation, the person sought to be charged as bailee having no reason to suppose the property has been delivered to him, is liable only if on express notice, ‘ for the bailee cannot by artifice be compelled to assume a liability greater than he intended ’ (Waters v. Bean Site Co., 114 Misc. 65, 67).”
Was- there, then, a separate agreement to bail the personalty? The only evidence before the court on which an agreement to bail the personalty can be inferred is the following conversation between Mr. Grafinger and the garage attendant to which Mr. Grafinger testified: “ I told him I have valuables in the car * * * Put the car in a place where I can get them out easy in the morning * * * because sometimes they put 6 or 7 cars in front of me * * * (The attendant said) remove the trunk keys.”
This does not give rise to a contract between the parties to bail $1,900 worth of personalty. The words spoken in no way *673 gave the attendant notice of the nature or value of the personalty. Since the attendant had no choice but to take the car no acceptance of a bailment of the personalty can be inferred from that fact. The only assent that can possibly be implied comes from his statement, “Remove the trunk keys.” However, that statement can just as readily lead to the conclusion that the attendant wanted no part of any liability for the personalty.
Those cases cited by the Grafingers which found an agreement to bail the personalty left in a car were based on strong evidence to support such an agreement. Thus in Rubin v. Forwarders Auto Trucking Corp. (111 Misc. 376) the truck owner removed quicksilver from his truck and left it with the custodian of the garage at the garage keepers’ private office. When the quicksilver was then given to an unknown person, the garage keeper was found liable. The court went on to hold that it made no difference whether this bailment was gratuitous or ‘' coupled with ,an interest, ’ ’ since under no circumstances did the garage keeper exercise sufficient care over the quicksilver.
Similarly in Guild v. Atlantic-Third Corp. (18 Misc 2d 635, supra) the plaintiff left all his personalty in his car. He testified that he told the garage keeper that he was a seaman, that he was leaving all his personal belongings in the trunk and back seat of his car, and that he would reclaim the car upon completion of his sea voyage. He further testified that: “ defendant[s] * * “ told him that it would be perfectly all right for him to leave the articles and that they assured him that everything would be safe and that defendant ® * * would take care of the articles. He left with the defendant the ignition key and the trunk key. ’ ’ (pp. 636-637). There again the court found a bailment.
Even if we were to assume a contract, the defendant would, at best, be a gratuitous bailee. In that case the burden would be on the third-party plaintiff to prove gross negligence (Siegel v. Spear & Co., 234 N. Y. 479). The record is barren of such evidence.
Accordingly, defendant’s motion to dismiss for failure to prove a prima facie case as to the bailment of the personalty left in the trunk of the plaintiff’s automobile is granted.