OPINION OF THE COURT
Ralph W. Sparks, J.
The above-named matter appeared before the court on September 19, 1988 for trial. The plaintiff appeared pro se and her testimony was frank, candid and trustworthy. Her testimony marked by no serious inconsistencies or contradictions *707 had the force and flavor of credibility and believability. Defendant appeared by counsel. Based upon the evidence adduced at trial, I make the following findings of fact:
That the plaintiff motorist accepted a ticket from an automatic dispensing machine on entry into a self-service parking area. Plaintiff parked the vehicle herself, locked it, activated the car alarm and retained the keys. Returning several hours later, she discovered the door window broken and several items missing from her vehicle: a radar detector, a package containing four musical albums, a package containing recently purchased auto parts, a package containing four cassettes and a remote control garage door opener. Immediately thereafter, while paying the parking fee, plaintiff reported her loss to the defendant’s attendant, who replied, "this happens all of the time here.” Thereafter, she reported the same to the police department.
In addition to her testimony, plaintiff produced exhibits supporting her claim. On the other hand, the defendant called no witnesses nor introduced any documents into evidence. Defendant solely relied upon the Court of Appeals case of Ellish v Airport Parking Co. (69 Misc 2d 837, affd 42 AD2d 174, affd 33 NY2d 764).
There is no doubt that in keeping with the Ellish case (supra) that this matter was a transaction of a licensee to occupy space and that pursuant to case law no bailment arose (Motors Ins. Corp. v American Garages, 98 Misc 2d 887). However, in Ellish (supra, at 178-179), the court recognized that if negligence was present on the part of operators of such parking facilities, liability might arise.
The instant case is distinguishable from the Ellish case (supra) in that no printed ticket or contract or other testimony disclaiming liability was introduced into evidence. Furthermore, in Ellish (supra, at 175-176), the court found the defendant employed personnel to maintain the lot and check the vehicles, and that the lot was patrolled by the Port Authority Police.
In the present matter, there was no testimony that defendant did anything or that the lot was patrolled or under the scrutiny of anyone. It is for that reason that this court finds that the defendant was negligent, simply because defendant did not exercise a minimal degree of care, thus rendering it liable for plaintiff’s loss (Peralta v Port of N. Y. Auth., 68 Misc 2d 302; Klotz v El Morocco Intl., 56 Misc 2d 319).
*708 In Ellish (supra), the defendant’s practice was, on leaving the lot, the holder of the ticket would drive to the point of exit, present the ticket to a cashier and pay the amount due based on the time elapsed. If the driver did not have a ticket, the cashier would demand proof of ownership of the vehicle. Moreover, the lot was patrolled by employees and Port Authority Police.
To permit an operator of a public facility not to exercise a minimal degree of care to assure the public that the facilities are indeed suitable and reasonably safe for the purposes for which it is intended is to rent someone a space in "hell”. To rule otherwise would be against public policy (Continental Ins. Co. v Meyers Bros. Operations, 56 Misc 2d 435; Santangelo v State of New York, 71 NY2d 393; Magrath v Migliore Constr. Co., 139 AD2d 893 [4th Dept]).
The court notes that even if relationships had been a bailment — yet the court has found that it is not — the defendant would not be liable for lost items or personal property, but only for those items that were part of the car or items directly used in its operation (General Motors Acceptance Corp. v Grafinger, 61 Misc 2d 670; J. W. Mays, Inc. v Hertz Corp., 15 AD2d 105). Therefore, plaintiff may only recover for certain losses, namely, the broken door glass, radar detector and remote control garage door opener.