# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**989**
**CA 14-00139**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND VALENTINO, JJ.

---

DONALD WIRTH AND SONJA WIRTH,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

LIBERTY MUTUAL INSURANCE COMPANY,
DEFENDANT-APPELLANT.

---

LAW OFFICES OF DESTIN C. SANTACROSE, BUFFALO (ERIN K. SKUCE OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH A. ERMETI, SIDNEY, FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered June 11, 2013. The order, inter alia, denied defendant's cross motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the cross motion seeking to strike the claim for funeral expenses and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking to recover under a policy of insurance issued by defendant to plaintiffs, as named insureds, after their son was killed in a single vehicle accident while driving a pickup truck and livestock trailer owned by plaintiffs. Following the accident, plaintiffs reported to the police that the vehicles, which were a total loss, were stolen by their son and being operated without their permission at the time of the accident. Plaintiffs' son was not identified as a "driver" on the declarations page of the policy. Defendant disclaimed coverage for the loss to the vehicles and attendant towing and related expenses on the ground that neither vehicle had collision coverage under the policy. Defendant now appeals from an order that, inter alia, denied its cross motion for summary judgment dismissing the complaint.

Although defendant is correct that neither vehicle had "collision" coverage under the policy, plaintiffs rely on a policy provision entitled "Coverage for Damage to Your Auto," which covers loss caused by "other than collision." The policy states that such loss includes "Theft or larceny." Although the policy does not define those terms, defendant contends that the policy terms "theft" and "larceny" should be equated with the definition of "larceny" in Penal Law § 155.05 (1), thus requiring plaintiffs to establish their son's

criminal intent under Penal Law standards in operating the vehicles. We reject that contention, and instead conclude that the court properly determined that the loss sustained herein could be deemed one ensuing from theft.

"Every clause or word in an insurance contract is deemed to have some meaning" (*Theatre Guild Prods. v Insurance Corp. of Ireland*, 25 AD2d 109, 111, *affd* 19 NY2d 656), and "a policy's terms should not be assumed to be superfluous or to have been idly inserted" (*Bretton v Mutual of Omaha Ins. Co.*, 110 AD2d 46, 50, *affd* 66 NY2d 1020). Contrary to defendant's contention, in interpreting the provisions used by defendant in its policy, we give effect to the ordinary definition of "theft," as distinct from "larceny," and "are guided by what would be the reasonable expectations and purpose of an ordinary [consumer] in making such a contract" (*Pangburn v Travelers Ins. Co.*, 259 AD2d 1044, 1045, *lv dismissed* 94 NY2d 782). In this regard, we note that defendant's policy also uses, but does not define, the term "stolen" to describe an insured's duty to notify it of this type of loss. It has been observed that terms such as "steal," "robbery" and the like are "misused even by the [criminal law] experts" (*People v Pauli*, 130 AD2d 389, 393, *appeal dismissed* 70 NY2d 911), and we reject defendant's attempt to impose the technical construction and interpretation of the Penal Law on the ordinary consumer in applying its policy provisions. We thus conclude that the court properly determined that the intention of the parties, as expressed by the policy language, was that the loss at issue could be deemed to be the result of a theft (*see id.; see also Bolling v Northern Ins. Co. of N.Y.*, 253 App Div 693, 694-695, *affd* 280 NY 510). Nevertheless, we agree with defendant that, although the policy provides for a death benefit, it does not provide coverage for funeral expenses, and that plaintiffs lack standing to recover those expenses in any event (*see* EPTL 5-4.3). We therefore modify the order accordingly.

Finally, we reject defendant's further contention that, as a matter of law, plaintiffs did not "[p]romptly notify the police [that the vehicles were] stolen" as required by the policy. Defendant's policy does not define what constitutes prompt notification and, in view of all of the facts and circumstances, we conclude that plaintiffs raised an issue of fact whether such notice was given within a reasonable time (*see Utica First Ins. Co. v Vazquez*, 92 AD3d 866, 867).

Entered: November 21, 2014                    Frances E. Cafarell
                                              Clerk of the Court