OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, without costs, and the matter is remitted to the District Court for the entry of a judgment dismissing the action.
Plaintiff left his car with employees of defendant Advanced Parking Services, defendant Prime Restaurant’s valet parking service. When plaintiff later retrieved his vehicle, he discovered that $3,600 in cash, which he had left in the center console of his vehicle, was missing. Plaintiff commenced this small claims action to recover the principal sum of $3,600. After a nonjury trial, the District Court found defendants to be negligent, invoking the doctrine of res ipsa loquitur, and awarded plaintiff the principal sum of $3,600.
In a small claims action, our review is limited to a determination of whether “substantial justice has . . . been done between the parties according to the rules and principles of substantive law” (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
Upon a review of the record, we find that the District Court erred in awarding judgment in favor of plaintiff, as here, defendants owed no duty of care to plaintiff with respect to the $3,600 in cash which plaintiff had left in his vehicle. Liability for negligence must depend upon a duty owed by a defendant to a plaintiff. In the absence of any notice by plaintiff at the time he left the car with the bailee that there was $3,600 in cash in the center console of the vehicle, no bailment of the cash existed, as the bailee of the vehicle had no reason to know that the cash was in its possession (see J. W. Mays, Inc. v Hertz Corp., 15 AD2d 105, 107 [1961]; Stephens v Katz Parking Sys., 75 Misc 2d 690 [Civ Ct, NY County 1973]). Consequently, the bailee of the vehicle owed no duty to protect the cash and cannot be held liable for its loss (see J. W. Mays, Inc. v Hertz Corp., 15 AD2d 105 [1961]; Cohen v Koster, 133 App Div 570, 573 [1909]; Stephens v Katz Parking Sys., 75 Misc 2d 690 [1973]). The District Court’s reliance on the doctrine of res ipsa loquitur under these circumstances was misplaced, as res ipsa loquitur presumes negligence (see Dengler v Posnick, 83 AD3d 1385, 1386 [2011]), which, in turn, requires that there be a duty *70 owed by a defendant to a plaintiff (see Strauss v Belle Realty Co., 65 NY2d 399, 402 [1985]), whereas here no such duty was owed to plaintiff. Consequently, the judgment failed to provide the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804, 1807).
Accordingly, the judgment is reversed and the matter is remitted to the District Court for the entry of a judgment dismissing the action.
Iannacci, J.P., Tolbert and Garguilo, JJ., concur.