WILLIAM KINSCHERF COMPANY, INCORPORATED, Respondent, *v.* SAINT PAUL FIRE AND MARINE INSURANCE COMPANY, a Foreign Corporation Organized and Existing under the Laws of the State of Minnesota, Appellant.

Second Department, December 31, 1931.

*Harold R. Zeamans,* for the appellant.

*Milton M. Eisenberg* [*Abraham D. Wiseman* with him on the brief], for the respondent.

PER CURIAM. The plaintiff sued to recover damages under a policy of insurance issued by defendant, known as " Jewelers' Block Policy." Plaintiff, a manufacturing jeweler, intrusted articles of jewelry to a salesman, who left such articles on the floor of his automobile, covered with a canvas. While plaintiff's employee left the car parked at the curb of the street, with its doors and windows locked, he called on a customer and had lunch. Upon returning to the car, the employee found the windshield and the right door partly open and two cases of merchandise stolen,

The policy insured plaintiff against all loss except as therein stated. One exception reads: " Loss or damage to property insured hereunder whilst in or upon any automobile, motorcycle or horse drawn vehicle unless such conveyance is attended at the time the loss occurs by a permanent employee of the assured * * *." Such language can only be interpreted to mean that if the permanent employee of the plaintiff is not actually within or on the automobile, or so near thereto as to be able to observe a theft of the contents, he shall not be deemed to be in attendance at the time the loss occurs.

The only alternative, under the terms of the policy, in the event that the permanent employee is not in attendance, is that there shall be present "a person whose sole duty is to attend the conveyance and who at such time shall remain in or upon the conveyance."

Admittedly the permanent employee under the circumstances alleged in the complaint, bill of particulars and proof of loss was not in attendance and no person was present " to attend the conveyance " while the loss occurred.

Under the circumstances shown, we are of the opinion there was no question of fact for a jury to determine.

The order denying defendant's ·motion for judgment on the pleadings should be reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

LAZANSKY, P. J., CARSWELL, SCUDDER, TOMPKINS and DAVIS, JJ., concur.

Order denying defendant's motion for judgment on the pleadings reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.