THOMAS J. MOORE, JR., Appellant, v. OLGA P. MOORE, Respondent.— Action to annul a marriage on the ground of fraud. Judgment dismissing the complaint after trial affirmed, with costs: No opinion. Close, P. J., Hagarty and Adel, JJ., concur; Johnston and Lewis, JJ., dissent and vote to reverse the judgment and to direct judgment for the plaintiff.

PRIMO OUTFITTING CO., INC., Respondent, v. GLENS FALLS INSURANCE COMPANY, Appellant.— Action under a policy of insurance, issued to plaintiff by defendant, to recover for loss of merchandise stolen from an automobile. Defendant appeals from an order of the Appellate Term affirming a judgment of the Municipal Court in favor of plaintiff, and from the judgment entered in accordance therewith. Order of the Appellate Term and the judgment of the Municipal Court reversed on the law, and the complaint dismissed on the law, with costs to appellant in all courts. The only inference which may be derived from the proof is that no employee was in the garage at the time that the automobile was stolen. In consequence, it was unattended at that time within the meaning of the language of the policy which provided that " The automobile * * * shall not be deemed attended when the person employed as the attendant is not immediately adjacent to the automobile * * * ." (See *Kinscherf Co., Inc., v. St. Paul F. & M. Ins. Co.*, 234 App. Div. 385, 386.) Recovery, therefore, could be had only in accordance with the warranty of the assured in the policy that such automobile " will be securely closed and locked at all times when left unattended." The proof of breach of this warranty is conclusive. The doors were unlocked and the ignition key was in the automobile. The fact that the rear compartment from which the merchandise was stolen was locked does not constitute compliance with the warranty which, in our opinion, required the assured or its salesmen to make use of all such locks as are generally and ordinarily provided on an automobile. Hagarty, Adel and Aldrich, JJ., concur; Close, P. J., and Lewis, J., dissent and vote to affirm, with the following memorandum: In our opinion the policy should not be interpreted as meaning that the car is " unattended " while it is stored in a public garage. [See post, p. 941.]