Rose Greenberg, Doing Business as M. & R. Jewelry Company, Respondent, *v.* Rhode Island Insurance Company, Appellant.[*]

Supreme Court, Appellate Term, First Department, October 24, 1946.

*John J. Tomich* and *Bert Cotton* for appellant.

*Louis Ladislaw Berko* and *Samuel Block* for respondent.

EDER, J. The plaintiff lost, by theft, certain costume jewelry which was contained in some luggage which reposed in an automobile. The car belonged to a friend; plaintiff in company with this friend, and another, had previously left the Lincoln Hotel where the luggage had been previously deposited; they had arranged to dine out and proceeded to a restaurant on 52d Street; they parked the car on 52d Street east of Seventh Avenue; all of the doors of the car were locked; prior to entering the restaurant one of the party requested a stranger standing nearby to watch the car and promised to pay him $1 for his services; they returned about an hour later and discovered one of the doors had been pried open and that plaintiff's property had been stolen.

The stranger said he could not account for the theft as he had been sitting in the rear of another car and had kept the other car constantly in view.

The plaintiff is a jobber of costume jewelry and is engaged in business in Providence, Rhode Island. The defendant issued to her a policy of insurance which she contends insured her against the afore-mentioned loss. She recovered a judgment against the defendant. The defendant's position was and is that under the terms of the policy plaintiff is not entitled to recover.

The plaintiff came to New York to discuss with a prospective salesman the inclusion of some of her merchandise in a con-

templated selling trip; the prospective salesman thought it too early in the year for a trip and nothing materialized. She then made arrangements for an out-of-town weekend visit to a friend; it was following her return to New York that she picked up her luggage at the Lincoln Hotel and drove down to 52d Street to dine at the restaurant and parked the car, as above mentioned, and later discovered her loss. The policy is known as a salesman's floater, commercial travelers' form. It insures against direct loss or damage on samples of merchandise consisting of costume jewelry " while actually in the custody of the Assured's salesman traveling in behalf of the Assured and in the actual pursuit of the Assured's business ". The coverage is defined as " against all risks of physical loss or damage from any external cause (except as hereinafter excluded)." The exclusions are seven in number, but only the following is here material: " (d) Loss or damage by theft and/or attempted theft from any unattended automobile or motorcycle, unless, at the time the loss occurs, there is *actually in or upon such vehicle* the Assured or a permanent employee of the Assured, or a person whose *sole* duty is to guard the property; this exclusion shall not apply to property in custody of a common carrier." (Emphasis mine.)

The appellant makes two contentions in urging the reversal of the judgment and for a dismissal of the complaint: (1) That the loss falls within the exclusion in the policy because no person whose sole duty it is to guard the property was actually in or upon the vehicle at the time of the loss; (2) that the loss does not fall within the basic coverage of the policy.

The case of *Kinscherf Co., Inc.,* v. *St. Paul Fire & Marine Ins. Co.* (234 App. Div. 385) cited by counsel for the respective parties contained an exception which was not couched in language like that in exclusion clause (d). There was no requirement, as here, that at the time of the loss the assured or his permanent employee or the person whose sole duty is to guard the property shall be *actually* in or upon the vehicle. " Actual " means that which exists in fact or reality, in contrast to that which is constructive, theoretical or speculative (*Kelly* v. *Supreme Council of Catholic Mut. Ben. Assn.,* 46 App. Div. 79).

We must give due recognition to the use of the word " actually " and must conclude it was inserted and intended for a definite purpose — to indicate the intention that presence in reality — presence in fact — was required and not a constructive or theoretical one. If we do not adopt that view then care and accuracy in the use of words are a meaningless effort,

The language in exclusion clause (d) being clear and explicit, it is manifest that the loss falls within the exception and that no liability has attached to the defendant under the policy, and that plaintiff is not entitled to recover.

In view of this conclusion it becomes unnecessary to consider the appellant's other contention that the loss does not fall within the basic coverage of the policy.

The judgment should be reversed, with $30 costs, and the complaint dismissed on the merits, with costs.

HECHT, J., concurs; McLAUGHLIN, J., concurs in result.

Judgment reversed, etc.