SADIE DREIBLATT et al., Respondents, *v.* LEONARD J. TAYLOR, Appellant.[*]

Supreme Court, Appellate Term, First Department, January 9, 1947.

---

[*] See, also, *Primo Outfitting Co.* v. *Glens Falls Ins. Co.,* 269 App. Div. 906, affd. 295 N. Y. 910, and *Greenberg* v. *Rhode Island Ins. Co.,* 188 Misc. 23. — [REP.

*J. Roger Carroll* for appellant.

*Isidor Enselman* and *Louis Solomon* for respondents.

MEMORANDUM *Per Curiam.* Under the circumstances disclosed by the record here, the evidence that plaintiffs' automobile was watched from the front window of an apartment on the first floor of an apartment house before which it was parked, does not show attendance of the vehicle within the intent of the policy excluding " loss of the property insured herein from road vehicles of every description when such vehicles are left unattended." The attendant, assuming the watcher to be such, was not shown to be actually within or upon the automobile, or so near thereto as to be able to observe a theft of the contents. The term " unattended " has a connotation of lack of due diligence or protection which would exclude coverage. (See *Kinscherf Co., Inc.,* v. *St. Paul F. & M. Ins. Co.,* 234 App. Div. 385.)

The judgment should be reversed, with $30 costs, and judgment directed for the defendant dismissing the complaint on the merits, with costs.

HAMMER, SHIENTAG and HECHT, JJ., concur.

**Judgment reversed, etc.**