ROYCE FURS, INC., Respondent, v. HOME INSURANCE COMPANY. Appellant.

First Department, June 25, 1968.

*James J. Taylor* of counsel (*John M. Aherne* with him on the brief; *Bigham, Englar, Jones & Houston* and *Milton P. Kinsey,* attorneys), for appellant.

*E. Leo Milonas* for respondent.

RABIN, J.  In this suit on a scheduled property floater policy, to which a Furrier's Block Form was appended, plaintiff seeks to recover up to the limit of the policy for furs which were stolen from the trunk of a car, which was being used by the plaintiff's vice-president.  It appears that there is agreement that the loss occurred in the following manner.  The vice-president drove up to a certain hotel and parked the car in a position which was approximately 6 to 10 feet from the hotel's entrance; he locked the car, checked the furs which were in the trunk, and saw that the trunk was locked.  He then went to the registration desk.  There was testimony that adjacent to the desk was a large window from which the car could be seen.  After registering, which took but a few minutes, he started to walk back to the car.  As he did so a man "bolted" into the car, started it up and drove off.  This all took but a few seconds.  Sometime later the car was found and the furs were gone.

The insurance company denies liability on the basis of the following provision in the policy: "This policy insures against all risks of direct physical loss of or damage to the insured property from any external cause except as hereinafter excluded. * * * (c) Theft from any automobile, motorcycle, truck, trailer or any other vehicle unless at the time the theft occurs there is *actually in or upon such vehicle,* the insured or a permanent employee of the insured or a person whose sole duty it is to attend such vehicle." (Emphasis supplied.)

The plaintiff in effect claims, however, that the exclusion does not apply since here its representative was not too far from the car and that he had it under surveillance. It should be noted that he did not have it under surveillance all of the time but merely most of the time. It is further argued by plaintiff, that giving the clause a literal interpretation would work an injustice.

We cannot agree. Where the clause is clear and unambiguous, we must give it the interpretation that is indicated by its plain language. We may not rewrite the contract entered into by the parties. We find no ambiguity in the clause. It clearly calls for no liability unless '' at the time the theft occurs there is *actually in or upon* such vehicle, the insured or a permanent employee of the insured or a person whose sole duty it is to attend such vehicle '' (emphasis supplied).

The fact remains that in this case there was no employee of the insured in or upon the vehicle, nor was there present the insured or a person whose sole duty it was to attend the vehicle. It should be noted that the language provides for the necessity of having a person in or upon such vehicle is prefixed by the word '' actually. '' That word must be given a meaning. The best we can gather from plaintiff's position is that its representative was in constructive possession of the vehicle, and not actually in or upon the vehicle.

It would serve no useful purpose to discuss the various cases which have considered this clause or similar clauses, inasmuch as each case must be judged on its own factual situation. Yet, we note that in almost every instance where similar clauses have been considered by the courts, coverage was denied where the automobile was not attended; or where the insured, or the employee, was not in or upon the car; or where there was no employee present whose sole duty was to attend such vehicle. The cases are collated and discussed in *Phil G. Ruvelson, Inc.* v. *St. Paul Fire & Marine Ins. Co.* (235 Minn. 243). Referred to therein are the New York cases of *Kinscherf Co.* v. *St. Paul Fire & Marine Ins. Co.* (234 App. Div. 385); *Greenberg* v. *Rhode Is. Ins. Co.* (188 Misc. 23) and *Dreiblatt* v. *Taylor* (188 Misc. 199). The courts in those cases denied recovery and gave a literal construction to the clauses before then, and properly so, because the court may not overlook or dilute a clause clearly worded and placed in the policy for the protection of the insurer.

Indeed, denial of recovery under the facts of this case is supported squarely by the exclusion and clearly comes with its exclusion. The purpose of such clause was aptly summarized in

the case of *Princess Ring Co.* v. *Home Ins. Co.* (52 R. I. 481, 484) wherein the court stated: " The phrase, ' shall remain in or upon the conveyance ' fixed the place where the person attending the automobile was required to be when the property insured was ' in or upon any automobile '. The same phrase is used both in reference to the property insured and the person attending the automobile. Both must be ' in or upon ' the automobile. ' Opportunity makes the thief '. If Mr. Mark had been in the automobile probably the thief would not have entered." The same may be said in this instance. The plaintiff's representative was not in the automobile, but was far enough from it to have given the thief the opportunity to enter the car.

Accordingly, the determination of the Appellate Term of the Supreme Court, entered July 5, 1967, which affirmed the judgment of the Civil Court in favor of plaintiff, entered August 19, 1966, should be reversed on the law, and the judgment entered in favor of the plaintiff vacated and the complaint dismissed with costs and disbursements to the defendant-appellant.

STEUER, J. P., TILZER, MCNALLY and BASTOW, JJ., concur.

Order entered on July 5, 1967 unanimously reversed on the law, with $50 costs and disbursements to the appellant, the judgment entered in favor of the plaintiff vacated and judgment rendered in favor of the defendant dismissing the complaint.