[Civ. No. 39718. Second Dist., Div. Three. Jan. 23, 1973.]

LASZLO REVESZ, Plaintiff and Appellant, v.
EXCESS INSURANCE COMPANY et al., Defendants and Respondents.

**COUNSEL**

McBain & Morgan and Kermit J. Morgan for Plaintiff and Appellant.

Spray, Gould & Bowers and Daniel O. Howard for Defendants and Respondents.

**OPINION**

**SCHWEITZER, Acting P. J.**—Plaintiff, a jewelry salesman, procured a "salesman's floater" insurance policy from each defendant insurance company, insuring him against certain losses under stated conditions. Following the theft of jewelry from his automobile, plaintiff made demand on defendants for payment. Defendants denied liability. Plaintiff thereupon filed the instant action; by separate answers defendants denied coverage under the facts of the claimed loss on the grounds that their respective policies provided coverage for loss of jewelry from an automobile only while the insured was "actually in or upon" his vehicle and the jewelry was in his "personal custody." Each defendant moved for summary judgment; each motion was granted; separate judgments were entered; plaintiff appeals from each judgment.

There is no dispute as to the facts surrounding the loss. On April 24, 1969, plaintiff was utilizing his auto in calling upon prospective customers. Sample cases of jewelry were locked in the car's trunk. In order to get directions to Downey, he parked his car at a curb in front of a service station, locked the ignition, got out of the car, taking his car keys with him, and walked around in front of his auto to the parkway. Thirty seconds after leaving the car and while plaintiff was still within two to three feet thereof, he heard a door slam and the motor of his car start; he turned and saw an

unidentified man drive off at high speed. The car was recovered by police approximately one hour later; the trunk lid had been forced and the jewelry removed.

The "salesman's floater" of each insurance policy provides for indemnity "against all risks of physical loss . . . to Travelers Stock and/or Samples . . . either whilst in the *personal custody* of the Assured's Salesmen . . . or whilst deposited by them in any shop, hotel, house, store or warehouse for safe custody. . . ." (Italics added.)

The policy of the Excess Insurance Company contains a "holdup and robbery endorsement" providing in pertinent part, "In consideration of the premium for which this policy is written, . . . coverage as granted by the policy shall not apply to any loss of or damage to merchandise: . . . [¶] 3. whilst in or upon any automobile . . . *unless, at the time the loss or damage occurs, the assured is actually in or upon such vehicle* and the merchandise is in his possession." (Italics added.)

The Yosemite Insurance Company has a similar exclusion, stating in pertinent part: "This Policy does not insure loss of or damage to property. . . . [¶] 3) in or upon any automobile . . . *unless at the time the loss or damage occurs there is actually in or upon the vehicle, the Assured,* or a permanent employee of the Assured, or a person whose sole duty it is to attend the vehicle. . . ." (Italics added.)

"Since there was no conflict in the facts and no showing of extrinsic factors the interpretation of the [policies] was a matter of law for the court." (*Enos* v. *Foster,* 155 Cal.App.2d 152, 157 [317 P.2d 670].)

Plaintiff argues that the phrase "actually in or upon" is ambiguous, and that under the well-established rules of construction of insurance policies, the ambiguous phrase must be construed strictly against the insurer and liberally in favor of the insured. (See generally, *Gray* v. *Zurich Insurance Co.,* 65 Cal.2d 263, 269-270 [54 Cal.Rptr. 104, 419 P.2d 168]; *State Farm Mut. Auto. Ins. Co.* v. *Flynt,* 17 Cal.App.3d 538, 547 [95 Cal.Rptr. 296]; *Utah Home Fire Ins. Co.* v. *Fireman's Fund Ins. Co.,* 14 Cal.App.3d 50, 55 [91 Cal.Rptr. 781].) He points out that the word "in" is clear; that the disjunctive word "or" preceding the word "upon" indicates that the latter word means something different from the word "in"; and that the word "upon," if strictly construed, would have a ludicrous meaning when used in conjunction with an automobile. In effect he suggests that it would be reasonable to interpret the phrase as meaning "in or about" or "in close proximity to" his vehicle while the insured is engaged in work incidental to loading, unloading or transporting jewelry. Such interpretation would pro-

vide coverage while the insured is walking to the rear of his car to remove jewelry, or while he is changing a tire, or while he momentarily leaves his vehicle to obtain directions, the situation presented in the instant case.

The precise factual question presented herein does not appear to have been considered in any reported decision. In the absence thereof plaintiff relies on cases which have liberally construed the phrase "in or upon" in the uninsured motorist coverage provisions of automobile liability insurance policies. In *Utah Home Fire Ins. Co.* v. *Fireman's Fund Ins. Co., supra,* 14 Cal.App.3d 50, the insured was talking with the driver of another car, parked two car lengths to the rear of the insured's auto, when struck and injured by an uninsured motorist. In holding that he was "in or upon" his own vehicle, thereby giving him medical coverage, the court said at page 53: " 'Thus we have uniformly held that "the *entire* automobile financial responsibility law must be liberally construed to foster its main objective of giving 'monetary protection to that ever changing and tragically large group of persons who . . . suffer grave injury through the negligent use of those highways by others.' " ' " (Italics in original.) In *Cocking* v. *State Farm Mut. Automobile Ins. Co.,* 6 Cal.App.3d 965 [86 Cal.Rptr. 193], the insured was one to four feet from his vehicle, opening a bag containing tire chains, when struck and injured by an uninsured motorist. In holding that he was "in or upon" his vehicle, thereby giving him medical coverage, the court said at page 969: "That clause, in our judgment, must be read and interpreted in the light of the purpose of the uninsured motorist statute. . . . With particular reference to the uninsured motorist coverage, there is ample and significant authority holding that the purpose of uninsured motorist statutes is to give monetary protection to persons who, while lawfully using highways themselves, suffer grave injury through the negligent use of those highways by others." It appears that the dominant factor in these two uninsured motorist decisions was a compelling public interest, a consideration which is not present and should not be decisive in cases involving losses of personal property.

Returning to the policies in the instant case, we must assume that plaintiff knew that he was not purchasing "all risk" insurance but policies with limited coverage, presumably at a considerable premium saving. We must also assume that he knew that some of the limitations related to loss of jewelry from his vehicle. Having sustained such loss, he now asks us to liberally construe the word "upon" to cover his loss.

■ While the word "upon" might under some factual situations require interpretation (see Annot., 42 A.L.R.3d 501), such is not the case here. The controlling factors are not the time interval and the distance

travelled but plaintiff's intent and conduct. Having parked his vehicle at the curb, locked the ignition, removed his keys, and left his vehicle for the purpose of seeking information, he had temporarily abandoned the vehicle. At the time of the loss the jewelry was not in his "personal custody" and he was not "actually in or upon" his vehicle, as required by the policies, in any sense of these words. The temporary abandonment is clearly evidenced by the fact that the thief was able to take possession of the vehicle and its contents without interference from him.

Our reasoning and conclusion are consistent with reported decisions construing these key words in policies insuring against loss of property from a vehicle; in each the insured was clearly absent from his vehicle at the time of loss; in each the court found that under the facts presented the words "actually in or upon" were not ambiguous; and in each the court placed great emphasis on the word "actually," indicating that it clearly negates constructive presence and possession. (See *Royce Furs, Inc.* v. *Home Insurance Company* (1968) 30 App.Div.2d 238 [291 N.Y.S.2d 529, 530-531]; *Phil G. Ruvelson, Inc.* v. *St. Paul Fire & Marine Ins. Co.* (1951) 235 Minn. 243 [50 N.W.2d 629, 633]; *Greenberg* v. *Rhode Island Ins. Co.* (1946) 188 Misc. 23 [66 N.Y.S.2d 457, 459].)

Judgments affirmed.

Cobey, J., and Allport, J., concurred.