■ HELENE HEESEMANN, Respondent, v HENRY HEESEMANN, Appellant. —In an action for divorce, the defendant husband appeals from a judgment of the Supreme Court, Queens County, dated April 30, 1975, which, *inter alia,* (1) granted plaintiff a divorce on the ground of cruel and inhuman treatment and (2) awarded her $50 a week as alimony, $30 a week as support for each of the children and a $1,000 counsel fee. Judgment affirmed, with costs. In our opinion, the record amply supports Special Term's grant of the divorce and its disposition of the financial aspects of the case, including the alimony and support provisions of the judgment (see *Hessen v Hessen,* 33 NY2d 406). Hopkins, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

■ DAVID KAMERMAN, Respondent, v LOUIS A. SOLOMON, Appellant.— In an action to recover on seven promissory notes, the defendant appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts, dated May 29, 1975, which reversed, on the facts, a judgment of the Justice Court, Town of Mamaroneck, County of Westchester, entered August 6, 1974, in favor of defendant, and granted judgment to plaintiff for the full amount of his claim. Order affirmed, with costs. The record amply supports the determination of the Appellate Term. Martuscello, Acting P. J., Latham, Cohalan, Damiani and Titone, JJ., concur.

■ MORRIS LACKOW, Doing Business as LACKOW BROS., Respondent, v INSURANCE COMPANY OF NORTH AMERICA, Appellant.—In an action on an insurance policy, defendant appeals from an order of the Supreme Court, Kings County, dated September 18, 1975, which, *inter alia,* (1) denied its motion for summary judgment and (2) granted plaintiff's cross motion for summary judgment. Order affirmed, with $50 costs and disbursements. The assured's employee's position at the time of the robbery, at the rear of the vehicle opening its trunk, was in compliance with the "Jeweler's Block Policy" provision that he be "actually in or upon such vehicle" at the time of the loss (cf. *Kinscherf Co., v St. Paul Fire & Mar. Ins. Co.,* 234 App Div 385; *Royce Furs v Home Ins. Co.,* 30 AD2d 238). Hopkins, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.