■ LILLIAN E. HELLERT, Appellant, v TRAVELERS INSURANCE COMPANY, Respondent.—Order unanimously affirmed, without costs. Memorandum: Plaintiff contends that her motion for summary judgment in lieu of complaint pursuant to CPLR 3213 should have been granted. We do not agree. On November 8, 1974 plaintiff purchased a personal articles policy of insurance from defendant in order to insure her coin collection. The policy contained an exclusion clause which stated that the coins were not insured against "Theft from any unattended automobile." On November 13, 1974 plaintiff's parked and locked automobile was stolen from a public street in the City of Buffalo sometime between 7:00 P.M. and 11:00 P.M. When the automobile was stolen, plaintiff's coin collection was in its locked trunk. Neither the automobile nor the coin collection has been recovered. Plaintiff submitted a claim under the policy for the value of the coins. Defendant denied the claim on the ground that it represented a theft from an unattended automobile and was therefore excluded from coverage. Plaintiff argues that the automobile was not "unattended" within the meaning of the exclusionary clause. However, similar use of the word "unattended" has been held to exclude coverage from a locked parked automobile even though it was being observed through a window (Dreiblatt v Taylor, 188 Misc 199). Here, according to plaintiff, the automobile was left parked on a public street and was stolen sometime during a four-hour period. In such circumstances it must be concluded that the automobile was unattended at the time of its theft. Plaintiff also contends that the exclusionary provision is inapplicable since the claim is not premised on the assertion that the coins were stolen "from" the automobile. Such an interpretation is contrary to what the parties must have reasonably intended by the terms of the policy when it was issued. The exclusionary clause was clearly designed to protect defendant from liability where the loss arises as a result of plaintiff's action in leaving the coins in an unattended automobile. We are bound by the plain and ordinary meaning of the insurance contract (Silverstein v Metropolitan Life Ins. Co., 254 NY 81; Lewis v Ocean Acc. & Guar. Corp., 224 NY 18). As stated at Special Term, plaintiff violated the basic condition of the exclusion when she left the coins in the unattended automobile (cf. Royce Furs v Home Ins. Co., 30 AD2d 238). (Appeal from order of Erie Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Mahoney, Dillon and Witmer, JJ.