JEROME I. SILVERMAN, INC.,
Plaintiff,

v.

LLOYD'S UNDERWRITERS et al., Defendants.

No. 75 Civ. 777.

United States District Court,
S. D. New York.

May 20, 1976.

Samuel W. Gilman, New York City, for plaintiff.

Tell, Cheser, Breitbart & Lefkowitz, New York City, for defendant Lloyd's Underwriters by Solomon M. Cheser, New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This is an action to recover under a Jewelers' Block Policy issued by defendant Lloyd's Underwriters ("Lloyd's") to plaintiff, Jerome I. Silverman, Inc. ("Silverman"). Lloyd's now moves for summary judgment under Rule 56, Fed.R.Civ.Pro.

The loss in question occurred while the jewelry was entrusted to plaintiff's "manufacturer's representative," Maurice Orgel, a

defendant herein. Defendant Lloyd's, in support of its motion, has submitted a copy of a signed statement made by Orgel on the day of the loss. Lloyd's has also submitted a portion of Orgel's sworn testimony taken at an examination conducted by Lloyd's attorneys pursuant to the terms of the policy. The operative facts are succinctly stated in the following paragraph from Orgel's statement on the day of the loss:

"I drove to a parking lot at 214 South 8th Street, Philadelphia, Pennsylvania, arriving at approx. 8:30 a. m. I asked the attendant if I may park near the entrance way because there was a heavy rain fall and it would be very difficult for me to park at the other extreme end and have to carry the sample cases. I did not mention that I had any jewelry cases in the trunk. The attendant then told me that I would be able to park there only if I left the keys in the ignition so that he could move my car if the car behind mine wanted to get out. I told him that I would give him an extra tip if he would watch the car. I sat in the car until 9:15 a. m. at which time I walked about one and one-quarter blocks to a customer, Frank Carlo on Sansom Street, but there was no one there. I went back immediately to the car and sat there until about 9:40. At that time I went to the telephone booth about fifteen feet in front of the car where I would view the car while on the phone. At 9:45 a. m. I again went out in the pouring rain, to Frank Carlo, and again there was no one in the store. I noticed across the street the Gordon Jewelry Store was open, and since I had an appointment there for 10:30 a. m. I rushed back to the car to get my samples and work with Gordon instead even though it was earlier than the appointment. It was difficult for me to open the trunk in the deep mud so I asked the attendant to turn the car around so that the trunk end of the car would be on the pavement. I then opened the trunk and the two sample cases were missing. This was approx. 9:50 a. m. I rushed to the attendant and told him my samples were

gone from the trunk. He said 'What do you want me to do about it'? I then repeated that the samples were stolen from the car and he again said 'What do you want me to do about it?' and he walked away."

Lloyd's acknowledges the existence and validity of the policy but urges that the loss falls squarely within the exclusionary clause:

"(in black ink) "This policy insures against all risks of loss or damage to the above described property arising from any cause whatsoever."

"(hereafter in red ink) Except:

"(I) Loss of or damage to property insured hereunder while in or upon any automobile, motorcycle or any other vehicle unless, at the time the loss or damage occurs, there is actually in or upon such vehicle, the Assured, or a permanent employee of the Assured, or a person whose sole duty it is to attend the vehicle . . . ."

■ Mindful that exclusions are to be strictly construed against the insurer, the loss still appears to be outside the scope of the policy. If Orgel's statement is accepted as truthful, which I do since the plaintiff has in no way attempted to contradict it, then no loss occurred while Orgel was in or around the automobile. To be covered someone must have been "actually in or upon such vehicle." Various theories of constructive possession have been uniformly rejected. *Dreiblatt v. Taylor,* 188 Misc. 199, 67 N.Y.S.2d 378 (App.Term, Sup.Ct. 1946); *Greenberg v. Rhode Island Insur. Co.,* 188 Misc. 23, 66 N.Y.S.2d 457 (App.Term, Sup.Ct. 1946). Thus, it is immaterial whether Orgel may have kept the car in sight.

■ Likewise, the presence of the parking lot attendant, who took it upon himself to watch the car, does not alter the result. Quite simply, he is not "a person whose sole duty it is to attend the vehicle . . . ."

As mentioned before, the plaintiff has failed to submit any affidavits, or other

form of proof in opposition to the summary judgment motion. Rule 56(e) makes it clear that a party opposing summary judgment cannot rest solely on the allegations in pleading:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The failure to interpose proof cannot be viewed as a technical oversight. In its reply memorandum, the defendant stressed this fatal defect yet plaintiff has at no time requested leave to submit any proof. Had the plaintiff been unable to obtain proof in time to oppose the motion it could have moved this Court for a continuance under Rule 56(f), Fed.R.Civ.Pro.

▮ Furthermore, plaintiff has not submitted "a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried," as required by Rule 9(g) of the General Rules of this District. Under the Rule, the effect of such an omission is the admission of all facts contained in the moving party's 9(g) statement.

The motion for summary judgment, therefore, is granted. Settle judgment on 7 days' notice.