■ ALLAN TRONCILLITO, Respondent, v FARM FAMILY MUTUAL INSURANCE COMPANY, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered April 13, 1977 in Ulster County, which granted plaintiff's motion for summary judgment. The issue presented is whether a

CB radio and a scanner, attached by bolts to brackets which in turn are bolted to the underside of the dashboard of plaintiff's truck are "permanently attached" to the truck as that term is used in an automobile property loss insurance policy issued by defendant. The radio and scanner were stolen from plaintiff's truck. Plaintiff claimed the loss under his insurance policy with defendant. Defendant denied the claim on the ground that the radio and scanner were not "permanently attached" to the vehicle under the policy terms. Special Term held that the CB radio and scanner were permanently attached to plaintiff's truck as that term is used in the policy. We agree. The issue involved is a question of law and there are no issues of fact to be decided at a trial. Special Term found no New York case law on the subject and adopted a definition of the term "permanent" used in the law of fixtures which seems appropriate. "The expression 'permanent' does not imply that the annexation must be intended to be perpetual, it being sufficient that it was contemplated that the article remain where fastened until worn out or superseded by another article more suitable to the purpose (see 23 NY Jur, Fixtures, § 3)." *(Troncillito v Farm Family Mut. Ins. Co.,* 89 Misc 2d 844, 846.) It appears from this definition that the intention of the plaintiff should be controlling. This equipment was physically annexed to the vehicle in such a manner as to indicate an intent that it remain in the vehicle. The plaintiff testified that he intended to remove the radio and scanner from the truck if it were sold and place it in a new vehicle since the radio was on a special frequency and it would be practically useless to anyone else. The physical attachment herein indicates that the owner intended the annexation of the radio and scanner to be permanent at least until the truck changed ownership. Since the radio was not useful to anyone else, his intent to remove it on a sale of the truck does not negate the intent that the attachment be a permanent one. Order affirmed, with costs. Greenblott, Main and Mikoll, JJ., concur; Mahoney, P. J., and Kane, J., dissent and vote to reverse in the following memorandum by Kane, J. Kane, J. (dissenting). Among the exclusions contained in the insurance contract herein is any loss to "any device or instrument designed for the recording, reproduction or recording and reproduction of sound unless such device or instrument is *permanently installed in the covered automobile"* (emphasis supplied). In reaching its conclusion, the majority seems to rely heavily on the law relating to fixtures in determining what is "permanently installed." We believe such reliance is misplaced in view of the realities of present day use of such equipment. As described by plaintiff, both the radio and scanner were attached in such a manner as to be easily removed upon an exchange of vehicles. There is no showing of any intent, manifest or implied, that the equipment was permanently installed. The word "permanently", as used in this insurance contract, means exactly what it says, and should be given its plain and ordinary meaning without any strained or tortured construction *(Hellert v Travelers Ins. Co.,* 52 AD2d 751; *Tyroler v Continental Cas. Co.,* 31 AD2d 8; *Royce Furs v Home Ins. Co.,* 30 AD2d 238). Accordingly, we would reverse and grant summary judgment to the defendant dismissing the complaint.