■ NEIL ZIMRING et al., Appellants, v ENGLISH & AMERICAN INSURANCE COMPANY et al., Respondents. — Order and judgment (one paper) Supreme Court, New York County (Tierney, J.), entered November 26, 1981, denying plaintiffs-appellants' motion for summary judgment and granting defendants-respondents' concurrent motion for summary judgment affirmed, with costs. The facts underlying this litigation are not in dispute, and are fairly stated in the dissent. On those facts, we find no ambiguity in the baggage warranty clauses of the subject policies and agree that application of the exclusionary provisions thereof defeats appellants' recovery. (*Breed v Insurance Co. of North Amer.*, 46 NY2d 351.) The attaché case was being used as a trunk, bag, parcel or suitcase in which appellants' articles of personal convenience and necessity were being carried for their personal use, while they were "travelling" from their home in Manhattan to a social event in Brooklyn. Thus in order for a loss of these items of personalty contained in that baggage to be covered under the policy, there had to be personal supervision by the assured or a member of the assured's family. As observed by Special Term, even if it could be said that the supervision of the hired chauffeur was the supervision of the assured, that supervision was withdrawn when the chauffeur left the vehicle unattended while having dinner. Concur — Murphy, P. J., Markewich, Bloom and Alexander, JJ.

Kupferman, J., dissents in a memorandum as follows: I dissent. I would reverse the order which allowed summary judgment in favor of the insurers and grant summary judgment to the insureds. At the very least, a trial is required to determine the proper scope of the disputed exemption clause in the "floater" personal property insurance policy appellants sought to enforce. Through Lloyd's of London, the parties to this appeal entered into an "all risks insurance" policy covering certain specified items of art and jewelry. In addition to the disclaimers contained in the standard form, the policy includes an indorsement with two exclusions: a "baggage warranty", and a "hotel/motel clause". The exclusion at issue here reads as follows: "BAGGAGE WAR-RANTY EXCLUDING ALL LOSSES FROM BAGGAGE UNLESS IN THE HANDS OF OR UNDER THE PERSONAL SUPERVISION OF THE ASSURED OR A MEMBER OF THE FAMILY OF THE ASSURED." The hotel/motel clause excluded liability for losses occurring to insured property while on the premises of a hotel or motel unless it was being worn by an insured or in the vault. The loss for which the appellants seek indemnity occurred when certain items of jewelry covered under the policy were stolen in the course of a burglary of the insureds' automobile. Mr. Zimring had placed these items in an attaché case which he placed in the trunk of his automobile. He and his wife were attending a wedding in Brooklyn and had hired a chauffeur for the evening to drive them from their home in Manhattan to the wedding and back. While they were attending the wedding,

the chauffeur parked the car to go into a nearby restaurant, and the theft occurred. The insurers disclaimed liability for the loss, invoking the baggage exclusion. Appellants then filed this suit. Special Term granted the insurers' motion for summary judgment and denied the cross motion by the insureds. The court held that the attaché case constituted "baggage" within the meaning of the exclusion clause, and, therefore, since neither insured nor any member of their family was exercising personal supervision over the attaché case at the time of the loss, the risk was not covered. The court found no ambiguity in the use of the word "baggage". The question whether a particular article constitutes baggage frequently arises in cases involving common carriers. In that context, it is held that whether an item is baggage is a question of fact dependent upon the particular circumstances of the case. (See *Curtis v Delaware, Lackawanna & Western R. R. Co.,* 74 NY 116, 124.) It is well settled that the meaning to be given to words used in a contract of insurance is that meaning by which they are understood by an ordinary person. (*Tyroler v Continental Cas. Co.,* 25 NY2d 710.) An ordinary policyholder, reading the baggage warranty exclusion just below the motel/hotel exclusion might reasonably conclude that their intendment was to exclude losses occurring while the insured was on an overnight journey where his belongings were entrusted to an airline or other common carrier. In fact the dictionary definition of "baggage" denotes the "trunks, bags, parcels and suitcases in which one carries one's belongings *while traveling.*" (American Heritage Dictionary [college ed, 1978], emphasis supplied.) Surely, an evening's engagement in one's home city cannot be considered "traveling" within the ordinary sense in which that word is used. Inasmuch as the reasonable expectations of the insureds were that the policy covered the type of risk here involved (*Bird. v St. Paul Fire & Mar. Ins. Co.,* 224 NY 47), and the insurers failed in their burden to afford clear notice of noncoverage (see *Janneck v Metropolitan Life Ins. Co.,* 162 NY 574, 577-578; *Kronfeld v Fidelity & Cas. Co. of N. Y.,* 53 AD2d 190), the equivocal language in the exclusion clause should be construed liberally in favor of the insureds. (*Breed v Insurance Co. of North Amer.,* 46 NY2d 351.) Moreover, it cannot be said that baggage left in the assured's car is not under his "personal supervision". Accordingly, the order and judgment should be reversed and summary judgment granted to the insureds.