674 A.2d 562

JMP ASSOCIATES, INC.

v.

The ST. PAUL FIRE & MARINE INSURANCE COMPANY.

No. 1253, Sept. Term, 1995.

Court of Special Appeals of Maryland.

April 5, 1996.

**344**

Walter H. Madden, Rockville, for appellant.

Harry J. Carleton (Cotter, Fiscella & Carleton, on the brief), Fairfax, VA, for appellee.

Argued before WILNER, C.J., and BLOOM and SALMON, JJ.

WILNER, Chief Judge.

This case involves an issue of insurance coverage, in particular the construction of an exclusion in a Jeweler's Block Policy. The insurer, appellee St. Paul Fire and Marine Insurance Company, denied coverage based on the exclusion, whereupon the jeweler, appellant JMP Associates, Inc., sued for breach of contract and the tort of bad faith. The Circuit Court for Montgomery County granted summary judgment for St. Paul, and we now have this appeal by JMP. We shall affirm.

## UNDERLYING FACTS

The relevant facts are undisputed. JMP is a wholesale jeweler with a principal place of business in Silver Spring, Maryland. It sells its products to jewelers in other States as well, including to those in North Carolina.

In March, 1992, St. Paul issued to JMP a Jeweler's Block Policy, insuring jewels, watches, precious metals, and other stock usual to JMP's business "against risks of direct physical loss or damage except those listed in the Exclusions—Losses We Won't Cover section." One of the exclusions listed in that section stated:

> **"Unattended vehicle.** We won't cover loss to property while it is left in or on a vehicle unless you, your employee or sales personnel are *in or on* the vehicle at the time of the loss."

(Emphasis added).

On March 23, 1994, while this policy was in force, JMP's sales representative, Marty Leibson, was traveling in North Carolina on his way to make a business call in Charlotte. He was carrying in the trunk of his car a collection of jewelry worth about $150,000. Leibson stopped for gas in Shelby, North Carolina. After pumping the gas, he walked over to the check-out station to pay for it, using his credit card. The trunk was locked, and the car was visible. As the cashier rang up the sale, a van pulled in and partially blocked Leibson's view of his car. When the transaction was completed, Leibson returned to his car. The van had left, and Leibson noticed nothing out of the ordinary. He drove on to Charlotte, parked at his customer's store, unlocked the trunk to get his merchandise, and, for the first time, discovered that the cases containing the jewelry were missing. Leibson immediately reported the theft to the proper authorities, but to no avail.

JMP made a claim on the policy. That claim was rejected on the ground that Leibson was not "in or on" the vehicle at the time of the loss.

■  JMP raises a number of issues in this appeal, but the central one is the proper construction of the word "on" as it appears in that clause of the exclusion.  It seems to be agreed that the loss occurred at the gas station and that Leibson was not "in" the car when the loss occurred.  The question is whether, for purposes of construing the policy, he can be regarded as having been "on" the vehicle at the time.

## DISCUSSION

■  In Maryland, an insurance policy is construed in the same way as ordinary contracts.  In *Cheney v. Bell National Life,* 315 Md. 761, 766–67, 556 A.2d 1135 (1989), and later in *W.M. Schlosser Co., Inc. v. INA,* 325 Md. 301, 305, 600 A.2d 836 (1992), the Court held:

> "Maryland does not follow the rule, adopted in many jurisdictions, that an insurance policy is to be construed most strongly against the insurer.  Rather, following the rule applicable to the construction of contracts generally, we hold that the intention of the parties is to be ascertained if reasonably possible from the policy as a whole.  In the event of an ambiguity, however, extrinsic and parol evidence may be considered.  If no extrinsic or parol evidence is introduced, or if the ambiguity remains after consideration of extrinsic or parol evidence that is introduced, it will be construed against the insurer as the drafter of the instrument."

■  In accordance with that principle, the court focuses on the terms of the policy, giving those terms their "customary, ordinary, and accepted meaning." *Mitchell v. Maryland Casualty,* 324 Md. 44, 56, 595 A.2d 469 (1991); *Chantel Associates v. Mt. Vernon,* 338 Md. 131, 142, 656 A.2d 779 (1995).

■  JMP asserts that there is an ambiguity in the phrase "in or on" with respect to whether a vehicle is truly unattended.  It points out that the phrase is not defined in the policy and that, if not given a more expansive meaning than that urged by St. Paul, it could lead to absurd results, some of which it mentions.  In support of its argument, it cites a

number of cases dealing with uninsured motorist coverage and one officially unreported case from an intermediate appellate court in Ohio that seems to stand alone in its construction of the language in question.

The fact is that this language, in the very context now before us, has been construed by a number of courts, and, save for that one unreported Ohio decision, the construction has been contrary to the view taken by JMP.

One of the most extreme cases in which the exclusion has been applied is *Ruvelson, Inc. v. St. Paul Fire & Marine Insurance Company*, 235 Minn. 243, 50 N.W.2d 629 (1951). There, as here, a jewelry salesman was traveling with merchandise in the locked trunk of his car. The jewels were covered by a policy similar to the one purchased by JMP, with an exclusion for losses occurring from vehicles unless the salesman was "actually in or upon" the vehicle. Due in part to medication he had taken, the salesman was "suddenly overcome by an intense feeling of fever, weakness, and drowsiness, amounting almost to a state of stupor, accompanied by an immediate need to use toilet facilities." *Id.* at 631. He was directly across from a hotel, and, knowing from past experience that a cup of coffee would alleviate these symptoms, he went into the hotel, got his coffee, and returned within two to four minutes. He did not take his two sample cases with him because they each weighed about 40 pounds, and he did not think he could carry them across the street and up the stairs of the hotel. When he returned, he found that someone had broken into the car and stolen the jewels.

As here, the jeweler contended that the word "upon," as used in the exclusion, "should be construed to be the substantial equivalent of 'in proximity to,' 'in the neighborhood of,' 'in the presence of,' or 'in the charge of.'" Following a line of earlier cases from other States, the Minnesota court rejected that expansive construction, holding that the word was unambiguous and meant what it said—that the employee actually be in or upon the vehicle. Responding to the same kind of

"absurd result" argument put up by JMP here, the Court noted, at 633:

> "It is claimed that a strict construction of the language used by the parties in this exception would lead to an absurd and unreasonable result. In support of this contention, plaintiffs cite various hypothetical situations in which an assured or his employee would be compelled to leave the car, either to secure help in an emergency or where he involuntarily would be required to leave the car unattended for some reason or other beyond his control. It is entirely possible under such circumstances that it would work a hardship on the assured if a loss should occur, *but the plain fact is that it involves a risk which was assumed by the assured and not by the insurer.* The result is no different from that of any other loss which occurs as a result of some cause not covered by insurance. The mere fact that the assured is compelled to assume a loss which has not been covered by the insurance does not justify courts, by judicial construction, in stretching words beyond their usual meaning to compel an insurer to accept a risk not covered by the policy of insurance."

Indeed, the court observed that a strict construction of the exclusion has a rational purpose: "[I]t is difficult to conceive of a more effective deterrent to a potential thief than the presence of someone in or upon an automobile. It is extremely unlikely that an attempt would be made to steal from an automobile under these circumstances, and that is no doubt the very thing the insurer had in mind in requiring actual presence in or upon the automobile." *Id.* at 634.

The same result was reached with respect to exactly the same language at issue here—"in or on"—in *Zurich Midwest, Inc. v. St. Paul Fire & Marine Insurance Co.,* 159 Ill.App.3d 961, 111 Ill.Dec. 813, 513 N.E.2d 59 (1987), where the employee parked his locked car, went into a doughnut shop about 40 feet away and was out of sight of the car for less than a minute. *See also, Jerome I. Silverman, Inc. v. Lloyd's Underwriters,* 422 F.Supp. 89, 90 (S.D.N.Y.1976) (immaterial whether salesman kept car in sight—constructive possession not

sufficient); *Revesz v. Excess Insurance Company,* 30 Cal. App.3d 125, 106 Cal.Rptr. 166 (Cal.App.1973) (salesman who left locked car temporarily to seek directions was not "in or upon" vehicle); *Steinzeig v. Mechanics and Traders Ins. Co.,* 297 S.W.2d 778 (Mo.Ct.App.1957) (stolen jewelry from vehicle not covered under jeweler's block policy when policy had exception that at the time of loss the assured or the permanent employee of the assured be in or upon the vehicle and the loss occurred when the vehicle was parked unattended overnight near the salesman's home); *Wideband Jewelry v. Sun Ins. Co. of N.Y.,* 210 A.D.2d 220, 619 N.Y.S.2d 339 (1994) (employee who was approximately six feet away from the vehicle when theft occurred was not "in or upon" vehicle); *Royce Furs, Inc. v. Home Insurance Company,* 30 A.D.2d 238, 291 N.Y.S.2d 529 (1968) (where vice president parked vehicle near hotel entrance and went to registration desk and had vehicle in sight most of the time through a window near the desk, vice president was in constructive possession of the vehicle and not actually in or upon the vehicle).

The Ohio case cited by JMP—*Gottlieb & Sons v. Hanover Insurance Company,* 1994 WL 144539, Ohio App. Cuyahoga Co. No. 64559 (1994), which has not been published in either the official Ohio reports or in the N.E.2d reports—reaches a different conclusion without even citing, much less distinguishing, any of the other cases dealing with this kind of policy. Instead, the court relied on cases involving uninsured motorist or medical payment coverages in automobile liability policies. Those kinds of cases are distinguishable. At issue there is often whether a passenger who exited the vehicle for some reason and is injured while in close proximity to it is considered to have been "occupying" or "upon" the vehicle for purpose of these kinds of coverage. *See, for example, Nickerson v. Citizens Mutual Insurance Co.,* 393 Mich. 324, 224 N.W.2d 896 (1975).

■ When dealing with coverages such as uninsured motorist or medical payments, courts, though using the same general rules of construction, have perhaps applied them in a more

liberal manner to implement the public policy of protecting citizens against personal injury losses arising from automobile accidents. In property insurance policies, that expansive view is unnecessary and unwarranted. Risks are assigned between insurer and insured as a matter of contract, and those risks should not be reallocated by courts through the device of stretching the plain meaning of the words used in the policy.

For these reasons, we align ourselves with the majority view and hold that "on" means "on" and not "near." The court did not err in applying the exclusion.

It follows from this that, even if Maryland were to recognize a general tort of acting in bad faith, which it does not (*see Johnson v. Federal Kemper Ins. Co.*, 74 Md.App. 243; 536 A.2d 1211, *cert. denied*, 313 Md. 8, 542 A.2d 844 (1988)), or if we were to apply North Carolina law and hold that such a tort is recognized in that State, which JMP asks us to do, there would be no cause of action because there was no evidence of bad faith. St. Paul had a right to deny coverage in this case.

JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.