■ CORDOVA, INC., Appellant, v LLOYD'S UNDERWRITERS, Respondent. [643 NYS2d 543]

The policy contains the standard exclusion for "[l]oss or damage to property while in or upon any automobile * * * unless, at the time the loss or damage occurs, there is actually in or upon such vehicle, the Assured, or a permanent employee of the Assured, or a person whose duty it is to attend the vehi-

cle". According to plaintiff, the jewelry was left in a locked car that its employee had momentarily got out of to pay a gas station attendant, and was stolen, in sight of its frightened employee, by thieves using a metal object to smash the car windows. Crediting this account and plaintiff's claim that its employee would have been "upon" the car had he not been fearful for his safety, the exclusion, which has consistently been given a literal construction rejecting various theories of constructive possession of the vehicle, nevertheless applies to bar recovery (*Royce Furs v Home Ins. Co.*, 30 AD2d 238; *accord*, *Wideband Jewelry Corp. v Sun Ins. Co.*, 210 AD2d 220; *see also*, *Jerome I. Silverman, Inc. v Lloyd's Underwriters*, 422 F Supp 89, 90). Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Tom, JJ.