■ LATASHA MARBURY, Appellant, v CHAUCER SYNDICATES, LTD., et al., Respondents, et al., Defendants. (And a Third-Party Action.) [34 NYS3d 895]—In an action, inter alia, to recover damages for breach of an insurance contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), dated June 23, 2014, as granted the motion of the defendants Chaucer Syndicates, Ltd., CCL Partnership, LLP, Argenta Holdings,

PLC, Liberty Syndicates, Talbot Underwriting, Ltd., and Navigators Insurance Company for summary judgment dismissing the first and fourth causes of actions of the second amended complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action, inter alia, to recover damages for breach of an insurance contract against, amongst others, Chaucer Syndicates, Ltd., CCL Partnership, LLP, Argenta Holdings, PLC, Liberty Syndicates, Talbot Underwriting, Ltd., and Navigators Insurance Company (hereinafter collectively the respondents). After joinder of issue, the respondents moved for summary judgment dismissing the first and fourth causes of actions of the second amended complaint, which sought to recover damages for breach of contract and specific performance of the contract, respectively, insofar as asserted against them. The Supreme Court, inter alia, granted the motion. The plaintiff appeals.

The respondents established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that, under the unambiguous provisions of the subject insurance policy (*see Vigilant Ins. Co. v Bear Stearns Cos., Inc.*, 10 NY3d 170, 177 [2008]; *White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]; *Bassuk Bros. v Utica First Ins. Co.*, 1 AD3d 470, 471 [2003]), the plaintiff's alleged loss is excluded from coverage (*see Zimring v English & Am. Ins. Co.*, 91 AD2d 889 [1983]; *see also Royce Furs v Home Ins. Co.*, 30 AD2d 238, 240 [1968]; *see generally Zurich Am. Ins. Co. v Felipe Grimberg Fine Art*, 2008 WL 394808, 2008 US Dist LEXIS 10544 [SD NY, Feb. 13, 2008, No. 04-Civ-763 (RLE)]). In opposition to that showing, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted the respondents' motion for summary judgment dismissing the first and fourth causes of actions of the second amended complaint insofar as asserted against them on the ground that the plaintiff's alleged loss is excluded from coverage under the subject insurance policy.

In light of our determination, we need not address the merits of the alternative ground for summary judgment raised by the respondents. Mastro, J.P., Dickerson, Austin and Roman, JJ., concur.